IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD E. ENYART, JR.,

      Plaintiff,

  vs.                       Civil Action 2:09-CV-687
                               Judge Smith
                               Magistrate Judge King

SHERIFF JIM KARNES, *et al.*,

      Defendants.


OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process in connection with an alleged assault by other inmates while plaintiff was detained in the Franklin County jail. In a *Report and Recommendation* issued February 7, 2011, the United States Magistrate Judge recommended that *Defendant's Motion for Summary Judgment*, Doc. No. 52, be granted. *Report and Recommendation,* Doc. No. 82. This matter is now before the Court on plaintiff's objections, Doc. No. 91, to that *Report and Recommendation* which the Court will consider *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff has sued defendant Karnes in both his individual and official capacities. *Amended Complaint*, Doc. No. 76, ¶ 8. In his objections to the *Report and Recommendation*, plaintiff concedes that he "has not alleged that defendant Karnes was present and actively participated in the assault [against plaintiff]." Doc. No. 91, p. 5.

Accordingly, the *Report and Recommendation* correctly concluded that plaintiff's individual capacity claim against defendant Karnes must fail. *See Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (liability must be based on "active unconstitutional behavior").

Plaintiff's objections focus on his official capacity claim against defendant Karnes and plaintiff's purported inability to obtain meaningful discovery from this defendant. Stated differently, plaintiff does not object to the substance of the *Report and Recommendation*, but instead complains that he needs yet more time in order to respond to defendant Karnes's motion for summary judgment. Although not captioned as such, the Court construes plaintiff's objections to be a request for discovery pursuant to Fed. R. Civ. P. 56(d).[1]

Rule 56(d) establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The affidavit or declaration required by the

---

[1]The Federal Rules of Civil Procedure were amended on December 1, 2010. As a result of these amendments, subsection (f) of Rule 56 was reordered and is now subsection (d). This reordering does not currently have any impact on the applicability of precedent addressing former Rule 56(f) to a Rule 56(d) analysis.

2

rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)). Accordingly, "[t]he overarching inquiry . . . is whether the moving party was diligent in pursuing discovery." *Dowling v. The Cleveland Clinic,* 593 F.3d 472, 478 (6th Cir. 2010). *See also Mallory v. Noble Corr. Inst.,* No. 01-3302, 45 Fed. Appx. 463, at *470 (6th Cir. Sept. 3, 2002) ("Court after court has made clear that the protection that Rule 56(f) provides is not intended to shield counsel who were dilatory in conducting discovery."); *Schaffer by Schaffer v. A.O. Smith Harvestore Prods.,* 74 F.3d 722, 732 (6th Cir. 1996) (affirming district court's refusal to consider Rule 56(f) affidavit where "Plaintiffs have not explained why they did not bring Defendants' alleged numerous failures to comply with discovery requests to the attention of the court in a timely manner"). In addition, a motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).

In the case presently before the Court, plaintiff has failed to submit the necessary affidavit or declaration supporting his request for additional discovery. Even if the Court were to overlook this critical deficiency, however, plaintiff's request would still fail because he has not explained why he has not previously discovered the information he now seeks. Stated differently, there is no evidence that plaintiff has been diligent in pursuing the discovery that he now asserts he was not provided. For example, plaintiff complains that defendant Karnes did not timely serve, *i.e.*, no later than December 15, 2010, responses to discovery requests as ordered by the Court. Doc. No. 91, pp. 3, 7 (citing *Opinion and Order*, Doc. No. 70; *Order*, Doc. No. 78). Plaintiff specifically alleges that he received the discovery responses "about the same time as receiving the six day deadline"[2] to supplement his response to the motion for summary judgment, or around January 13, 2011. *Id.* (referencing *Order*, Doc. No. 78). Plaintiff further complains that six of the discovery responses that he received were evasive or deficient in some way. Doc. No. 91, pp. 4-5.[3] However, plaintiff never moved to compel the

---

[2]Plaintiff's references, and implicit criticism, of a "six day deadline" to supplement his response to the motion for summary judgment are misleading and misplaced. The Court notes that plaintiff's supplemental response was due no later than December 29, 2010. *Order*, Doc. No. 78. When no supplemental response to the motion for summary judgment was filed by that date, the Court *sua sponte* provided plaintiff additional time – until January 19, 2011 – in which to file a supplemental response. *Id.* Although the *Report and Recommendation* was not issued until February 7, 2011, no motion or response was filed by plaintiff before that time. The Court later granted plaintiff's request for yet additional time to respond. *Order*, Doc. No. 86 (granting plaintiff until March 8, 2011, rather than until the requested date of March 17, 2011, to respond).

[3]Plaintiff does not attach defendant Karnes's discovery responses, but simply summarizes some of them in conclusory fashion.

4

required discovery when he did not receive responses to his discovery requests by mid-December 2010 nor did he otherwise timely notify the Court that defendant Karnes's discovery responses were untimely or otherwise deficient. Indeed, approximately two months passed since the Court's *Order*, Doc. No. 70, was issued before plaintiff filed a motion for an extension of time. Doc. No. 85. Moreover, when plaintiff finally did request additional time, that motion was not based on defendant Karnes's untimely or deficient responses. *Id.* Instead, plaintiff complained that additional time was necessary because he had been transferred to another facility. *Id.* This behavior does not establish that plaintiff has been diligent in pursuing discovery. Under these circumstances, plaintiff's assertion that additional time to conduct discovery is necessary in order to supplement his response must be rejected. *See*, *e.g.*, *Dowling*, 593 F.3d at 478; *Schaffer*, 74 F.3d at 732.

Finally, plaintiff argues that it would be "just" under Rule 56 to permit plaintiff "to interview witnesses, allow depositions on written questions, or allow the case to proceed to trial without permitting any of the defendants summary judgment." Doc. No. 91, p. 7. However, this assertion does not contain any of the necessary "details" or "specificity" required by Rule 56(d). *See Ball,* 385 F.3d at 720. Plaintiff does not specify what material facts he hopes to uncover through discovery of these otherwise unidentified witnesses, nor why such facts are material to his response to the motion for summary judgment. Moreover, plaintiff does not provide any authority for his request to "allow the case to proceed to trial"

5

by denying summary judgment to all defendants, even though only defendant Karnes's motion is before the Court. Accordingly, as discussed *supra*, plaintiff's generalized and unsupported allegation does not justify additional time to conduct discovery. *See*, *e.g.*, *Ball,* 385 F.3d at 720.

In sum, the Court finds the objections to the *Report and Recommendation*, Doc. No. 91, without merit; they are therefore **DENIED**. The *Report and Recommendation,* Doc. No. 82, is hereby **ADOPTED** and **AFFIRMED**.

The motion for summary judgment filed on behalf of Defendant Sheriff Jim Karnes, Doc. No. 52, is **GRANTED**. Defendant Karnes is **DISMISSED** from this action.

Plaintiff has named other defendants in the action. However, the Marshal's attempted service by certified mail on these defendants was returned with the notation "refused." *See* Doc. Nos. 87-90.

The parties are **ORDERED** to report on the status of this case no later than March 31, 2011.

*s/George C. Smith*

**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

6