IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

    **Plaintiff,**

  vs.                              Civil Action 2:09-CV-687
                                      Judge Smith
                                      Magistrate Judge King

**SHERIFF JIM KARNES,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. §1983, alleging that he was denied due process in connection with an alleged assault by other inmates while plaintiff was detained in the Franklin County Jail.  By previous filings, plaintiff asserted claims against the Franklin County Sheriff, in both his individual and official capacities,[1] employees of the Franklin County Sheriff's Office,[2] and Franklin County.[3]  On April 29, 2011, plaintiff filed a motion for leave to file yet another amended complaint.  Doc. No. 101.  In that motion, plaintiff seeks to add "two groups" of defendants.  *Id*. (citing, *inter alia*, Fed. R. Civ. P. 15(a) and (c)).  Specifically, plaintiff proposes to assert claims against Columbus Police officers arising out of the search of his home and his arrest in 2007, and the inmates at the Franklin County Jail who allegedly assaulted plaintiff. *Plaintiff's Motion for Leave to Amend the Complaint,* Doc. No. 101, pp.

---

[1] Those claims have been dismissed.  *Opinion and Order,* Doc. No. 92.

[2] Those defendants have not yet been served with process.  *See Certificate of Mailing by Clerk,* Doc. No. 97.

[3] The undersigned has recommended that Franklin County be dismissed. *Order and Report and Recommendation,* Doc. No. 96.

2-3.[4]

Rule 15(a) of the Federal Rules of Civil Procedure governs requests to amend a party's pleadings and provides that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2). However, leave to amend is properly denied where the claim sought to be asserted by the amendment would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile.") Because the claims sought to be asserted against the proposed new parties could not survive a motion to dismiss, the Court will deny the motion.

The events underlying the *Complaint*, which was filed on August 6, 2009, are alleged to have occurred in August 2007. *Complaint*, Doc. No. 2, ¶¶ 9, 12. State statutes of limitations apply to claims under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69, 275 (1985). For civil rights actions filed in Ohio under § 1983, the statute of limitations is two (2) years from the date that the cause of action accrued. O.R.C. § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (*en banc*). Because the statute of limitations has now expired as to any § 1983 claim arising out of the events of August 2007, the claims sought to be asserted in plaintiff's proposed amended complaint would be untimely and barred by the statute of limitations unless the proposed amendments relate back to the original *Complaint*.

Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of proposed amendments. More specifically, under Rule 15(c)(1), an amendment adding a new defendant relates back to the

---

[4]Plaintiff also suggests that he may yet seek to assert claims against a third new category of defendants. *Plaintiff's Motion for Leave to Amend the Complaint,* Doc. No. 101, pp. 3-4.

original complaint where:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . if, within the period provided by Rule 4(m)[5] for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). *See also Moore v. Tennessee*, No. 06-6148, 267 Fed. Appx. 450, at *455 (6th Cir. March 3, 2008) ("Notably, the relation-back doctrine requires that the newly added party receive sufficient notice of the action and that the delay in the addition of the new party be the result of a 'mistake concerning the party's identity.'") (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).

In the case *sub judice*, it is clear that the proposed new parties did not receive notice of the action within 120 days after the *Complaint* was filed in August 2009. *See* Fed. R. Civ. P. 4(m). Thus, plaintiff has not shown that the proposed new defendants received sufficient notice of the action within the appropriate time period. Fed. R. Civ. P. 15(c)(1)(C)(i). Moreover, plaintiff has not established that his failure to join the proposed new defendants was a consequence of "a mistake concerning the . . . identity" of each proposed new defendant. A "lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore*, 267 Fed. Appx. 450, at *455 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Under these circumstances, plaintiff has

---

[5] Rule 4(m) requires that a defendant be served with process "within 120 days after the complaint is filed . . . ."

not satisfied the requirements of Fed. R. Civ. P. 15(c) and the proposed new claims do not relate back to the filing of the original *Complaint*.

Because the proposed new claims sought to be asserted by plaintiff are untimely and would not survive a motion to dismiss, the Court **DENIES** *Plaintiff's Motion for Leave to Amend the Complaint*, Doc. No. 101.

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge

May 2, 2011