IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RICHARD E. ENYART, JR.,**

      Plaintiff,

   vs.                                         **Civil Action 2:09-CV-687**
                                                       **Judge Smith**
                                                       **Magistrate Judge King**

**SHERIFF JIM KARNES,** *et al.*,

      Defendants.


### OPINION AND ORDER

On April 26, 2011, the United States Magistrate Judge recommended that plaintiff's motion for entry of default be denied and that the motion to dismiss Franklin County as a defendant be granted.  The Magistrate Judge also ordered that service of process by ordinary mail be sent by the Clerk's Office to defendants Waldren, Thacker and Miller.[1]  *Order and Report and Recommendation*, Doc. No. 96.  On May 2, 2011, the Magistrate Judge also denied plaintiff's request for the appointment of counsel, *Order*, Doc. No. 102, and plaintiff's motion to amend the complaint to add additional defendants.  *Opinion and Order*, Doc. No. 104.  This matter is now before the Court on plaintiff's objections to the *Report and Recommendation*, Doc. No. 107, and on plaintiff's objections to the May 2, 2011 orders of the Magistrate Judge.  *Objection*, Doc. No. 109; *Objection,* Doc. No. 110.  The Court will review the Magistrate

---

[1] The Clerk of the Court sent service of process by ordinary mail, pursuant to S. D. Ohio Civ. R. 4.2(c), to defendants Deputies Waldren, Thacker and Miller.  *Certificate of Mailing by Clerk*, Doc. No. 97.  Service sent to defendant Thacker was returned unserved.  Doc. No. 108.  It appears, however, that service of process on defendants Waldren and Miller was successful, although these defendants have not responded to the claims asserted against them.

Judge's recommendation *de novo* but will reverse the Magistrate Judge's orders only if those orders are clearly erroneous or contrary to law.  *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

Plaintiff objects to the recommendation that Franklin County be dismissed as a defendant, at least until plaintiff has had the opportunity to conduct discovery as to this defendant.  As the Magistrate Judge noted, the body of plaintiff's complaint did not include any substantive claim expressly against Franklin County.  Plaintiff named defendant Karnes, the former Sheriff of Franklin County, in both his official and individual capacity, but this Court granted defendant Karnes' motion for summary judgment.  *Order*, Doc. No. 92.  There is therefore no basis for retaining defendant Franklin County in the litigation.  Plaintiff's objection to the Magistrate Judge's recommendation is therefore without merit.

The Magistrate Judge denied plaintiff's motion for the appointment of counsel, without prejudice to a later stage of the proceedings.  *Order*, Doc. No. 102.  Plaintiff objects to that order.  There is no absolute right to the appointment of counsel in a civil case.  *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985)(*en banc*)("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). The Magistrate Judge's order denying plaintiff's request for the appointment of counsel made clear that plaintiff can renew his request "after the Court has had the opportunity to more clearly evaluate the merits of plaintiff's claims."  *Order,* Doc. No. 102.  The Magistrate Judge's *Order* was neither clearly erroneous nor

contrary to law.  Plaintiff's objection is therefore without merit.

The Magistrate Judge also denied plaintiff's motion for leave to amend the complaint in order to join as additional defendants employees of the Columbus Police Department and fellow inmates at the Franklin County Jail who allegedly assaulted plaintiff in 2007. *Order*, Doc. No. 104.  In doing so, the Magistrate Judge reasoned that, because the statute of limitations on plaintiff's claims has now run, *see Browning v. Pendleton*, 869 F. 2d 989, 990 (6th Cir. 1989)(*en banc*), and because the proposed amendment would not relate back to the filing of the original complaint, the proposed amended complaint would be futile.  *Opinion and Order,* Doc. No. 104. Plaintiff objects to that decision as it relates to the proposed joinder of jail inmates.² Plaintiff contends that claims asserted against these proposed defendants would relate back to the time of the filing of the original complaint because "their unlawful actions are clearly stated in the original complaint filed on 08/06/09, . . . but their names were not known until discovery and investigation produced them."  *Plaintiff's Objections to the Opinion & Order Filed 5/2/11*, Doc. No. 109, at 3.     Under Fed. R. Civ. P. 15(c), claims asserted in an amended complaint will relate back to the filing of the original complaint only if, within 120 days after the filing of the original complaint, the party sought to be named in the amended pleading received notice of the action and knew or should have known that, but for a mistake concerning the proper party's identity, the party would have been properly named in the original complaint.  *Id*.  As the Magistrate Judge noted, a "<u>lack of knowledge

---

²Plaintiff withdraws his request to join members of the Columbus Police Department as defendants in this action.  *Plaintiff's Objection to the Opinion & Order Filed 5/2/11*, Doc. No. 109, at 2.

pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v. Tennessee*, No. 06-6148, 267 Fed. Appx 450 at *455 (6th Cir. March 3, 2008)(citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))(emphasis added).  Plaintiff has not proffered any evidence that the jail inmates whom he now seeks to join as defendants in this action received notice of the action within 120 days after the filing of the original complaint on August 6, 2009, and knew or had reason to know that a mistake had been made, resulting in their omission from the complaint.  Under these circumstances, the decision of the Magistrate Judge denying plaintiff's motion to amend the complaint was neither clearly erroneous nor contrary to law.

**WHEREUPON** plaintiff's objections to the recommendation of the Magistrate Judge are **DENIED**.  The *Order and Report and Recommendation*, Doc. No. 96, is **ADOPTED and AFFIRMED**.  Plaintiff's motion to entry of default, Doc. No. 93, is **DENIED**.  Franklin County's motion to dismiss, Doc. No. 94, is **GRANTED**.  Franklin County is **DISMISSED** as a defendant.
Plaintiff's objections to the orders of the Magistrate Judge, Doc. Nos. 109-110, are **DENIED.**

                                        *s/George C. Smith*
                                      **George C. Smith, Judge**
                                      **United States District Court**