IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

      Plaintiff,

  vs.                                Civil Action 2:09-CV-687
                                       Judge Smith
                                       Magistrate Judge King

**SHERIFF JIM KARNES, *et al.*,**

      Defendants.


**REPORT AND RECOMMENDATION**

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County Jail. This matter is now before the Court on *Defendant Dan Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 116 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss* be **DENIED**.

**I.    BACKGROUND**

    Plaintiff initiated this action on August 6, 2009, by the filing of the original *Complaint*, which named as defendants Sheriff Jim Karnes and two "John Does." *Complaint*, Doc. No. 2. Thereafter, plaintiff moved for leave to amend, seeking to identify Deputy Daniel Waldren as the "John Doe 1" referred to in the *Complaint*. Doc. No. 10. Because no answer had yet been filed, plaintiff's motion was granted. *Order*, Doc. No. 13. Plaintiff did not thereafter actually file an amended complaint asserting claims against defendant Waldren;

however, his motion for leave to amend, Doc. No. 10, specifically stated that he intended that paragraphs in the original *Complaint* relating to defendant "John Doe 1" be asserted against defendant Waldren. *Id*.

After additional motions for leave to amend were filed, the Court, on November 10, 2010, ordered plaintiff to file a new amended complaint that expressly identified, *inter alios*, Deputy Waldren as a defendant. *Order and Report and Recommendation*, Doc. No. 69. The Court further ordered plaintiff to submit a completed summons and a Marshal service form and directed the United States Marshal Service to effect service of process upon plaintiff's submission of those documents. *Id*.

Thereafter, plaintiff filed the *Amended Complaint*, Doc. No. 76, and submitted a completed summons directed at defendant Waldren at his place of employment, Franklin County Corrections Center I ("FCCCI") at 370 South Front Street in Columbus. Doc. No. 74. On February 25, 2011, the summons was returned unexecuted with the notation "refused." Doc. No. 87.

On April 26, 2011, the Court, noting that defendant Waldren and other named defendants had not yet been served, directed the Clerk's Office to effect service of process by ordinary mail, consistent with S.D. Ohio Civ. R. 4.2(c),[1] on, *inter alios*, defendant Waldren. *Order*

---

[1] S.D. Ohio Civ. R. 4.2(c) provides:

> If service of process is refused or was unclaimed, the Clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification, files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the

and *Report and Recommendation*, Doc. No. 96.  The Clerk certified that a copy of the *Amended Complaint* had been sent by regular mail to Deputy Waldren at FCCCI.  Doc. No. 97.

On July 7, 2011, Deputy Waldren filed the *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(5).  Plaintiff opposes the *Motion to Dismiss*.  *Plaintiff's Opposition to Waldren's Motion to Dismiss*, Doc. No. 123.

**II.   STANDARD**

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  The plaintiff "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington-Fayette Urban County Gov't*, No. 00-6097, 18 Fed. Appx. 285, at *287 (6th Cir. Aug. 21, 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).  *See also Mullins v. Kalns*, No. 99-4301, 2000 U.S. App. LEXIS 28063, at *8 (6th Cir. 2000) (stating that the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made") (citing *Bryd*, 94 F.3d at 219).

---

envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall forthwith notify the attorney or serving party, electronically or by mail.

Under Fed. R. Civ. P. 12(b)(5), a party may assert by motion the defense of insufficiency of service of process. Rule 4(c) requires that a plaintiff serve a defendant with both a summons and the complaint within the time permitted under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that a plaintiff must serve defendants within 120 days of the filing of the complaint. If such service is not made, the rule provides that the Court "must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Therefore, "[e]stablishing good cause is the responsibility of the party opposing the motion to dismiss. . . and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). Determining whether good cause was been shown is left to the discretion of the district court. *Id*.

**III. DISCUSSION**

As previously noted, service of process on defendant Waldren was returned unexecuted with the notation "refused" on the outside of the envelope. Doc. No. 87. In moving to dismiss the claims against him, defendant Waldren submits the affidavit of Major Stephanie Klumpp. *See Exhibit A*, attached to *Motion to Dismiss* ("*Klumpp Affidavit*"). Major Klumpp avers that "Deputy Waldren was not at 370 S. High Street on February 16, 2011 as the day was one of his regularly scheduled days off" and, to her knowledge, defendant Waldren did not "refuse"

4

service.  *Id*. at ¶¶ 4-5.  Major Klumpp further avers that defendant Waldren's last day of employment with the Sheriff's Office was April 13, 2011, leaving the country on April 14, 2011 – *i.e.*, prior to service of process by ordinary mail – in order to serve "his country in the war in Afghanistan."[2]  *Id*. at ¶ 6.  Based on this evidence, defendant Waldren therefore argues that plaintiff's claims against him must be dismissed.

This Court disagrees.  Major Klumpp avers that defendant Waldren was not at "370 S. High Street" on the day service was attempted, but the Court notes that the summons was addressed to defendant Waldren at "370 South Front Street."  *See* Doc. Nos. 74, 87, 97.[3]  It may be that Major Klumpp erroneously referred to High Street instead of Front Street in her affidavit.  However, the record presently before the Court reflects a factual inconsistency, which precludes a finding at this time that defendant Waldren was not at 370 South Front Street on the day that service of process was attempted.  Although defendant Waldren remains free to file another motion contesting service of process, the Court concludes that its discretion is better exercised in denying his current motion to dismiss.

**WHEREUPON**, it is **RECOMMENDED** that *Defendant Dan Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 116, be **DENIED without prejudice to renewal**, if otherwise appropriate.

---

[2] The Court notes that defendant Waldren does not seek relief under the Servicemembers Civil Relief Act, 50 U.S.C. § 501, *et seq.*

[3] The Court notes that defendant Mandy Miller, another defendant who is a FCCCI employee, *Amended Complaint*, ¶ 5, was successfully served at 370 South Front Street, Doc. Nos. 97, 114 at p. 2, which suggests that Front Street is the proper FCCCI address.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 19, 2011        *s/Norah McCann King*
                                        Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge