IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RICHARD E. ENYART, JR.,

        **Plaintiff,**

   vs.                           **Civil Action 2:09-CV-687**
                                            **Judge Smith**
                                            **Magistrate Judge King**

SHERIFF JIM KARNES, *et al.*,

        **Defendants.**


### REPORT AND RECOMMENDATION

     Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 alleging that he was denied due process while detained in the Franklin County Jail. This matter is now before the Court on *Defendant Mandy Miller's Motion to Dismiss*, Doc. No. 114 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss* be **GRANTED**.

**I.    BACKGROUND**

     Plaintiff alleges that, on August 11, 2007, he was arrested by the Columbus Police for "pandering and voyeurism"[1] and taken to Franklin County Corrections Center I ("FCCCI"). *Amended Complaint*, Doc. No. 76, ¶¶ 10-11. After spending the night in a holding cell, plaintiff alleges, he was moved to the fifth floor. *Id.* at ¶¶ 11-12. While he was held as a pre-trial detainee on the fifth floor, defendant Deputy Daniel Waldren "yelled out my [plaintiff's] name and said 'the media wants to interview you about those little kids you

---

[1]Plaintiff's alleged crimes apparently involved sex crimes against children. *See Amended Complaint*, ¶¶ 11-13, 26, 27.

molested.'" *Id*. at ¶ 13.  Plaintiff alleges that, after plaintiff
declined the media request and the deputy left the area, nine of the
ten inmates sharing plaintiff's cell attacked him.  *Id*.  After
defendant Waldren and defendant deputy Daniel Thacker returned to the
cell and left again, he was attacked a second time.  *Id*.  Shortly
thereafter, the two defendant deputies returned to the cell and took
plaintiff to the infirmary.  *Id*.  Photos of plaintiff's injuries were
taken at the infirmary and he was then taken to the hospital and
treated for injuries.  *Id*. at ¶¶ 14-16.  A few weeks after the alleged
assault, plaintiff attempted to file a grievance.  *Id*. at ¶¶ 17-18.
According to plaintiff, he attempted to utilize the grievance process
three times, but his attempts were "ignored."  *Id*.

On July 7, 2011, defendant Miller filed the *Motion to Dismiss*
pursuant to Fed. R. Civ. P. 12(b)(6).[2]  Plaintiff opposes the *Motion to
Dismiss*.  *See Plaintiff's Opposition to Miller's Motion to Dismiss*,
Doc. No. 124 ("*Memo. in Opp.*").

**II.  STANDARD**

A motion to dismiss under Rule 12(b)(6) attacks the legal
sufficiency of the complaint.  *Riddle v. Egensperger*, 266 F.3d 542,
550-51 (6th Cir. 2001); *Carter v. Welles-Bowen Realty, Inc*., 493
F.Supp. 2d 921, 923 (S.D. Ohio 2007).  In considering a motion to
dismiss under the provisions of Fed. R. Civ. P. 12(b)(6), a court must
construe the complaint in the light most favorable to the plaintiff,

---

[2]After it became apparent that the Marshal's service of process had not
been effective as to defendant Miller, the Court directed the Clerk to effect
service by ordinary mail.  *Order and Report and Recommendation*, Doc. No. 96.
Defendant Miller concedes that that service was effective .  *Motion to
Dismiss*, p. 2.

2

accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (alteration in original). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

In this case, plaintiff is proceeding without the assistance of counsel.  A *pro se* litigant's pleadings should be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) *(per curiam)* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, this duty does not "transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, No. 09-5480, 2011 U.S. App. LEXIS 9867, at *11 (6th Cir. May 12, 2011).

## III. DISCUSSION

Plaintiff grounds his claims on 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to

be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws" shall be liable to the injured party. This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In order to recover under § 1983, a plaintiff must prove that the defendant, while acting under color of state law, violated rights secured by the Constitution or laws of the United States. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has sued defendant Miller in both her individual and official capacities. *Amended Complaint*, ¶ 8. A claim brought against a government employee in his or her individual capacity seeks to hold the employee personally liable for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). However, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself. *Id*. at 165-66. The Court will first turn to the individual capacity claim.

### A.    Individual Capacity

"Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (internal quotation marks omitted)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at

4

least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id*. (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (internal quotation marks omitted)).  Thus, liability on the part of a supervisor must be based on "active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Here, plaintiff alleges that defendant Miller supervised defendants Waldren and Thacker.  *Amended Complaint*, ¶ 5.  Plaintiff further alleges that, after defendants Waldren and Thacker brought plaintiff to the infirmary following the attack, defendant Miller advised plaintiff of his rights:

> Corporal Mandy Miller at the infirmary was visibly angry at the two deputies [Waldren and Thacker].  She asked if I wanted to go to the hospital and I said yes. . . . Corporal Mandy Miller then informed me about protective custody and said, "You should have been put there from the start," and asked if I wanted to go there after I returned from the hospital.  I said I did, and she told me the specific wording to write as I filled out the form to request protective custody.

*Amended Complaint*, ¶ 14.  Stated differently, plaintiff simply alleges that defendant Miller is a supervisor, that she advised plaintiff that he had the right to seek protective custody and that she assisted plaintiff in requesting protective custody.  Accepting these allegations as true, they are insufficient to establish active unconstitutional behavior on the part of this defendant and therefore do not plausibly give rise to an entitlement to relief against her. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950; *Combs*, 315. F.3d at 554.

In opposing the *Motion to Dismiss*, plaintiff first contends that, as a *pro se* litigant, the Court should construe his *Amended Complaint*

liberally, suggesting that his claims will then withstand the *Motion to Dismiss.* *Memo. in Opp.*, pp. 1-3. However, even construing plaintiff's allegations liberally, the Court still concludes that plaintiff has failed to state a claim against defendant Miller in her individual capacity. Moreover, construing plaintiff's allegations liberally "does not mean . . .that *pro se* plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp.2d 740, 746 (S.D. Ohio 1998) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Plaintiff next refers to documents that were attached to his memorandum opposing former defendant Sheriff Jim Karnes's motion for summary judgment, arguing that defendant Miller could have prevented the incident had she taken certain action. *Memo. in Opp.*, pp. 3-4 (citing Doc. No. 58). He also contends that defendant Miller "failed to pursue a meaningful investigation" and that "[i]t is reasonable to infer that Miller was involved in the set-up, and obvious from the evidence that she was part of the cover-up." *Id.* at 3, 5, 10.

This Court disagrees. The *Motion to Dismiss* requires the Court to review the sufficiency of the allegations contained in the *Amended Complaint*. To the extent that this Court construes the *Memo. in Opp.* as a request for leave to amend the *Amended Complaint*, such request is not well-taken. Generally, leave to amend a complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). However, "[i]n deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing

party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Here, plaintiff's request comes more than two years after this action was filed. Throughout this litigation, plaintiff has had ample opportunity to amend his complaint; indeed, plaintiff has been granted leave to do so on at least three prior occasions. *See Order*, Doc. No. 13; *Order*, Doc. No. 25; *Order and Report and Recommendation*, Doc. No. 69. At no point during that process did plaintiff seek to include the allegations that he now raises against defendant Miller in the *Memo. in Opp.* Moreover, there is no explanation as to why plaintiff was unable to articulate these allegations in his previous amendments. Indeed, plaintiff concedes that he knew of the underlying information more than a year ago when he filed his memorandum in opposition to defendant Karnes's motion for summary judgment. *Memo. in Opp.*, pp. 3-4 (citing Doc. No. 58, which was filed on August 16, 2010). Where plaintiff has repeatedly failed to cure these deficiencies, his delay is unreasonable. Under these circumstances, to permit plaintiff to amend his complaint yet once again at this late stage would unfairly prejudice defendant Miller.

Accordingly, the Court concludes that plaintiff has failed to allege any specific unconstitutional behavior on the part of defendant Miller and, as it relates to plaintiff's individual capacity claim against her, the *Motion to Dismiss* is meritorious.

**B.   Official Capacity**

Plaintiff has also sued defendant Miller in her official

capacity.  As noted *supra*, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself, in this case, Franklin County.  However, claims against Franklin County have already been considered and rejected by the Court.  *See*, *e.g.*, *Report and Recommendation*, Doc. No. 82; *Opinion and Order*, Doc. No. 92; *Order and Report and Recommendation*, Doc. No. 96; *Order*, Doc. No. 112.  For the reasons stated in those prior decisions, the *Motion to Dismiss* claims against defendant Miller in her official capacity, tantamount to claims against Franklin County, is meritorious.

      **WHEREUPON**, it is **RECOMMENDED** that *Defendant Mandy Miller's Motion to Dismiss*, Doc. No. 114, be **GRANTED**.

      If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

      The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United*

*States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


September 19, 2011                    *s/Norah McCann King*
                              Norah M<sup>c</sup>Cann King
                       United States Magistrate Judge

9