IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD E. ENYART, JR.,

        Plaintiff,

   vs.                               Civil Action 2:09-CV-687
                                         Judge Smith
                                         Magistrate Judge King

SHERIFF JIM KARNES, *et al.*,

        Defendants.


## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 alleging that he was denied due process while detained in the Franklin County Jail. This matter is now before the Court on *Plaintiff's Motion for Enlargement of Time for Service of Process on Defendant Thacker*, Doc. No. 119 ("*Motion for Extension*") and *Plaintiff's Motion to Compel Discovery or Disclosure of Defendant Thacker's Address to the Court*, Doc. No. 120 ("*Motion to Compel*").  For the reasons that follow, plaintiff's motions are **GRANTED**.

Plaintiff initiated this action on August 6, 2009, by the filing of the original *Complaint*, which named as defendants Sheriff Jim Karnes and two "John Does." *Complaint*, Doc. No. 2.  Thereafter, plaintiff moved for leave to amend, seeking to identify Deputy Dan Waldren as the "John Doe 1" referred to in the *Complaint*.  Doc. No. 10.  Because no answer had yet been filed, plaintiff's motion was granted.  *Order*, Doc. No. 13.

After additional motions for leave to amend were filed, the

Court, on November 10, 2010, ordered plaintiff to file a new amended complaint that expressly identified, *inter alios*, Daniel Thacker as a defendant. *Order and Report and Recommendation*, Doc. No. 69. The Court further ordered plaintiff to submit a completed summons and a Marshal service form and directed the United States Marshal Service to effect service of process upon plaintiff's submission of those documents. *Id*.

Thereafter, plaintiff filed the *Amended Complaint*, Doc. No. 76. A summons was issued to defendant Thacker at FCCCI. Doc. No. 83. On February 25, 2011, the summons was returned unexecuted with the notation "refused." Doc. No. 88. On April 26, 2011, the Court, noting that defendant Thacker and other named defendants had not yet been served, directed the Clerk's Office to effect service of process by ordinary mail, consistent with S.D. Ohio Civ. R. 4.2(c), on, *inter alios*, defendant Thacker. *Order and Report and Recommendation*, Doc. No. 96. The Clerk certified that a copy of the *Amended Complaint* had been sent by regular mail to defendant Thacker at FCCCI. Doc. No. 97. That summons was returned unexecuted with the notation that defendant Thacker "has not worked here in a couple of years." Doc. No. 108-1. Plaintiff now seeks additional time in which to serve defendant Thacker and asks this Court to compel defendants to disclose defendant Thacker's address to the Court (not to plaintiff) so that plaintiff may effect service of process. *Motion for Extension*, *Motion to Compel*. No response has been filed.

Plaintiff's motions are well-taken. Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve each defendant within 120 days of the filing of the complaint. If such

service is not made, the rule provides that the Court "must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Therefore, "[e]stablishing good cause is the responsibility of the party opposing the motion to dismiss. . . and 'necessitates a demonstration of why service was not made within the time constraints.'"  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)).  Determining whether good cause has been shown is left to the discretion of the district court.  *Id*.

In this case, plaintiff initially attempted to serve defendant Thacker at his place of employment.  After that attempt failed, plaintiff represents, he attempted to obtain an alternate address for this defendant, but has been unable to do so.  *Motion to Compel*, p. 1.  Under these circumstances, the Court concludes that plaintiff has established good cause and that the Court's discretion is better exercised by the grant of the requested extension.

However, this extension of time would be meaningless without the current address at which to serve defendant Thacker.  Although plaintiff asks for such information, he does not ask that the information be given to him personally.  Rather, plaintiff asks that defendant Thacker's current address be made available to the Court.  Other courts have, under similar circumstances, directed that a defendant's address be provided under seal so that service of process may be effected without disclosing a defendant's current address to an

inmate plaintiff.  *See*, *e.g.*, *Blacker v. Desmarias*, No. 1:09-cv-346, 2010 U.S. Dist. LEXIS 20561 (S.D. Ohio Mar. 8, 2010).  This Court concludes that a similar course of action is appropriate here.  The Court will therefore directed defendant Mandy Miller, who remains a defendant in this action,[1] to provide the requested information, if she is able to do so.

　　**WHEREUPON**, *Plaintiff's Motion for Enlargement of Time for Service of Process on Defendant Thacker*, Doc. No. 119, and *Plaintiff's Motion to Compel Discovery or Disclosure of Defendant Thacker's Address to the Court*, Doc. No. 120, are **GRANTED**.  Defendant Mandy Miller is **ORDERED** to file under seal, within fourteen (14) days of the date of this *Opinion and Order*, a current address for defendant Daniel Thacker, if that address is available to her.  Upon submission of that information, the United States Marshal Service is **DIRECTED** to effect service of process upon defendant Daniel Thacker at that address.  Defendant Thacker may have forty-five (45) days after service of process to respond to the *Amended Complaint*.

September 19, 2011　　　　　　　　　　_s/Norah McCann King_
　　　　　　　　　　　　　　　　　Norah M$^c$Cann King
　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1]The grant of defendant Miller's motion to dismiss has been recommended. *Report and Recommendation*, Doc. No. 130.  Unless and until that recommendation is adopted and affirmed, however, this defendant remains a party to this action.