IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RICHARD E. ENYART, JR.,

        Plaintiff,

   vs.                               Civil Action 2:09-CV-687
                                         Judge Smith
                                         Magistrate Judge King

FRANKLIN COUNTY, *et al.*,

        Defendants.


ORDER AND
REPORT AND RECOMMENDATION

     Plaintiff, a state inmate proceeding without the assistance of
counsel, brings this action under 42 U.S.C. § 1983, alleging that he
was denied due process while detained in the Franklin County jail.  On
September 20, 2011, this Court granted plaintiff's motion for an
extension of time to serve defendant Daniel Thacker and granted
plaintiff's motion to compel and ordered defendant Mandy Miller to
file under seal a current address for defendant Thacker, if that
address is available to her.  *Opinion and Order*, Doc. No. 131, p. 4.

     On September 28, 2011, defendant Miller filed a notice reporting
that "she does not have any knowledge of where Thacker may be found."
Doc. No. 134.  In response, plaintiff contends that defendant Miller's
professed lack of knowledge is incredible and asks the Court to
"direct the defendants to disclose the information previously ordered,
and consider sanctions pursuant to Rule 37 for continued discovery
abuse and contempt of court- at the court's discretion- as it deems
just."  Doc. No. 142, pp. 2-3.

Plaintiff's request is not well-taken.  The Court previously ordered defendant Miller to disclose defendant Thacker's current address only if that information was available to her.  *Opinion and Order*, p. 4.  Defendant Miller has represented to the Court, through counsel, that she does not have the requested information.  Doc. No. 134.  The Court can compel nothing more.

This action was filed on August 6, 2009, naming as defendants Sheriff Jim Karnes and two "John Does."  *Complaint*, Doc. No. 2.  Thereafter, on November 24, 2010, plaintiff filed an amended complaint naming, *inter alios*, Daniel Thacker as a defendant.  *Amended Complaint*, Doc. No. 76.  Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve defendants within 120 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  Upon a showing of good cause, this Court previously granted plaintiff an extension of time to serve defendant Thacker.  *Opinion and Order*, Doc. No. 131, p. 4.

Now, however, other than insisting that defendant Miller be ordered to produce an address that she has already represented that she does not know, plaintiff does not ask for additional time in which to serve defendant Thacker.  Doc. No. 142.  Nor does plaintiff otherwise represent that another extension of time will permit him to effect proper service of process.  *Id.*  Stated differently, plaintiff offers no other specific plans for obtaining defendant Thacker's current address and describes no additional steps he has taken to secure that address following defendant Miller's notice that she does not have the address.  *Id.*  Under these circumstances, the Court cannot conclude that plaintiff has established good cause for another

2

extension of time in order to effect service of process on defendant Thacker.  Fed. R. Civ. P. 4(m); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

**WHEREUPON**, plaintiff's request for an order compelling defendant Miller to provide a current address for defendant Thacker and to assess sanctions, Doc. No. 142, is **DENIED**.  It is **RECOMMENDED** that the claims against defendant Daniel Thacker be dismissed for failure to effect service of process.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 11, 2012                    *s/Norah McCann King*
  Date                          Norah McCann King

United States Magistrate Judge