IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

      **Plaintiff,**

  vs.                                          Civil Action 2:09-CV-687
                                                        Judge Smith
                                                        Magistrate Judge King

**FRANKLIN COUNTY,** *et al.,*

      **Defendants.**


## OPINION AND ORDER

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County jail. In a *Report and Recommendation* issued September 19, 2011, the United States Magistrate Judge recommended that *Defendant Mandy Miller's Motion to Dismiss*, Doc. No. 114, be granted. *Report and Recommendation,* Doc. No. 130.  This matter is now before the Court on plaintiff's objections, Doc. No. 139, to that *Report and Recommendation* which the Court will consider *de novo*.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

    Plaintiff first insists that defendant Mandy Miller violated his rights under the United States Constitution because she "clearly and intentionally attempted to block the plaintiff's right of access to courts." Doc. No. 139, p. 3.  However, plaintiff failed to assert this claim in the *Amended Complaint*, Doc. No. 76.  To the extent that plaintiff now asks for leave to further amend the *Amended Complaint*

in order to add a claim of denial of access to the courts, that untimely request is not well-taken for the reasons detailed in the *Report and Recommendation*, pp. 6-7.

Moreover, even if this Court were to consider the merits of his request, leave to amend would still be denied.  In order to prevail on a claim of denial of the right of access to the courts, a prisoner must show, *inter alia*, actual prejudice to a nonfrivolous claim. *Hadix v. Johnson*, 173 F.3d 958, 964 (6th Cir. 1999); *Jackson v. Gill*, No. 03-5045, 92 Fed. Appx. 171, 173 (6th Cir. Feb. 3, 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  "Actual prejudice" may include the dismissal of a case, an inability to file a complaint or the failure to meet a court-imposed deadline.  *Jackson*, 92 Fed. Appx. at 173.  *See also Winburn v. Howe*, No. 00-2243, 43 Fed. Appx. 731, 733 (6th Cir. Mar. 21, 2002) ("An 'actual injury' does not occur 'without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented.'") (quoting *Root v. Towers*, 238 F.3d 423 (6th Cir. 2000)).

Assuming *arguendo* that defendant Miller acted intentionally in an attempt to block plaintiff's right to the courts, plaintiff nevertheless fails to allege that defendant Miller actually blocked his access to the courts.  Stated differently, plaintiff points to no actual prejudice or disadvantage to him or to his claims as a result of defendant Miller's alleged actions.  Indeed, plaintiff timely filed his complaint and this action and his ability to proceed with this litigation is evidenced by the multiple motions and documents he has filed.  Having failed to provide factual allegations identifying

such prejudice, plaintiff's present request for leave to amend to add a claim of denial of access to the courts is futile and therefore without merit.  See, e.g., Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile.").

Plaintiff next objects to the Magistrate Judge's recommendation that claims against defendant Miller in her individual capacity be dismissed.  Doc. No. 139, pp. 4-6.  As set forth in the Report and Recommendation, plaintiff alleges that defendant Miller supervised defendant deputy Daniel Waldren, who allegedly announced to other prisoners that plaintiff had molested children, and defendant deputy Daniel Thacker, who was with deputy Waldren around the time plaintiff was attacked following defendant Waldren's comments.  Report and Recommendation, pp. 1-2, 5 (citing Amended Complaint,[1] ¶¶ 5, 13-16). The Amended Complaint goes on to allege that after defendants Waldren and Thacker brought plaintiff to the infirmary following the attack, defendant Miller advised plaintiff of his rights:

> Corporal Mandy Miller at the infirmary was visibly angry at the two deputies [Waldren and Thacker].  She asked if I wanted to go to the hospital and I said yes. . . .
> Corporal Mandy Miller then informed me about protective custody and said, "You should have been put there from the start," and asked if I wanted to go there after I returned from the hospital.  I said I did, and she told me the specific wording to write as I filled out the form to request protective custody.  This included verbiage releasing [Franklin County Corrections Center I] FCCC[I] from liability from the assault, but I just wanted away from the fifth floor; I would have agreed to anything at that time as I was thoroughly intimidated and traumatized.

---

[1] Throughout his objection, plaintiff inexplicably cites to the original Complaint, Doc. No. 2.

*Amended Complaint*, ¶ 14. The Court agrees with the Magistrate Judge that, even accepting this allegations as true, they are insufficient to establish active unconstitutional behavior on the part of this defendant.

Plaintiff's objections do not militate a different result. Specifically, plaintiff contends that "[i]t is reasonable to conclude that" defendant Miller was responsible for his classification or housing assignment when he entered FCCCI, which placed him on the fifth floor where, according to plaintiff, violent offenders are kept. Doc. No. 139, pp. 4-5. However, this speculation raised in an objection to the *Report and Recommendation* is insufficient to overcome defendant Miller's motion to dismiss. *See*, *e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level[.]").

Plaintiff further objects to the Magistrate Judge's recommendation that his claims against defendant Miller in her official capacity be dismissed, contending that, *inter alia*, defendant Miller "should not be subjected to the same standards" as applied to previously dismissed defendants Sheriff Karnes and Franklin County. Doc. No. 139, pp. 6-8. Nothing persuades the Court that the Magistrate Judge's recommendation as to the official capacity claims was in error.

Finally, plaintiff complains that, despite several requests, the Court has never appointed counsel to him. However, as previously explained to plaintiff, *Opinion and Order*, Doc. No. 112, pp. 2-3,

there is no absolute right to the appointment of counsel in a civil case. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985)(*en banc*)("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

Having carefully reviewed the *Report and Recommendation* and plaintiff's objections, the Court therefore finds the objections to the *Report and Recommendation*, Doc. No. 60, without merit and they are therefore **DENIED**. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**. Mandy Miller is **DISMISSED** as a defendant. In light of this dismissal, plaintiff's motion to compel discovery from Mandy Miller, Doc. No. 145, is **DENIED as moot**.

*s/George C. Smith*
**George C. Smith, Judge**
**United States District Court**