IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

      **Plaintiff,**

  vs.                                       Civil Action 2:09-CV-687
                                                  Judge Smith
                                                  Magistrate Judge King

**FRANKLIN COUNTY,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County jail. In a *Report and Recommendation* issued September 19, 2011, the United States Magistrate Judge recommended that *Defendant Daniel Waldren's Motion to Dismiss For Failure of Service of Process*, Doc. No. 116 ("*Motion to Dismiss*"), be denied without prejudice. *Report and Recommendation*, Doc. No. 129. This matter is now before the Court on plaintiff's objections, Doc. No. 140, to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

    As way of background, plaintiff initiated this action on August 6, 2009, by the filing of the original *Complaint*, which named as defendants Sheriff Jim Karnes and two "John Does." *Complaint*, Doc. No. 2. Later, plaintiff filed the *Amended Complaint*, which named defendant Daniel Waldren as a defendant. Doc. No. 76. Plaintiff

also submitted a completed summons directed at defendant Waldren at his place of employment, Franklin County Corrections Center I ("FCCCI") at 370 South Front Street in Columbus.  Doc. No. 74.  On February 25, 2011, the summons was returned unexecuted with the notation "refused."  Doc. No. 87.

In moving to dismiss the claims against him, defendant Waldren submits evidence that he "was not at 370 S. High Street on February 16, 2011 as the day was one of his regularly scheduled days off" and that he did not "refuse" service.  *See Affidavit of Major Stephanie Klumpp*, ¶¶ 4-5, attached as *Exhibit A* to *Motion to Dismiss* ("*Klumpp Affidavit*").  The Magistrate Judge noted that while Major Klumpp averred that defendant Waldren was not at "370 S. High Street" on the day service was attempted, the summons was addressed to defendant Waldren at "370 South Front Street."  *Report and Recommendation*, p. 5 (citing Doc. Nos. 74, 87, 97).  The Magistrate Judge concluded that this factual inconsistency, even if Major Klumpp erroneously referred to High Street instead of Front Street in her affidavit, precluded a finding that defendant Waldren was not at 370 South Front Street on the day that service of process was attempted.  *Id*.  Therefore, the Magistrate Judge recommended that defendant Waldren's *Motion to Dismiss* be denied without prejudice to renewal.  *Id*.

The heart of plaintiff's objection to this recommendation is that he believes that effecting proper service of process on defendant Waldren is irrelevant or unnecessary because plaintiff thinks that this defendant already has received notice of this litigation.  Doc. No. 140.  Specifically, plaintiff contends that

2

"any minor deficiencies in service of process as asserted by the defendants [sic] counsel are clearly erroneous where the defendant [Daniel Waldren] could reasonably be found to have had actual notice of the lawsuit." *Id*. at 7. While plaintiff cites to cases outside of this circuit, *id*. at 2-4, 6-7 (citing, *inter alia*, *Santiago v. C.O. Campisi Shield No. 4592*, 91 F. Supp.2d 665 (S.D. N.Y. 2000)), he does not provide any controlling authority within the United States Court of Appeals for the Sixth Circuit to support his position that defendant Waldren's purported notice of the lawsuit is sufficient to waive any deficiencies in service.

Moreover, plaintiff, by acknowledging deficiencies in service, apparently concedes that defendant Waldren was not properly served. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). As the *Report and Recommendation* correctly noted, plaintiff has the burden of perfecting service and establishing that he effected proper service. *Report and Recommendation*, p. 3. However, notwithstanding plaintiff's apparent concession now (and the factual inconsistency created by the *Klumpp Affidavit*), the Court concludes that it is better to err on the side of caution. To that end, the Court agrees with the Magistrate Judge that the question of whether dismissal under Fed. R. Civ. P. 12(b)(5) is appropriate should be decided through a renewed motion to dismiss.

The Court finds the objections to the *Report and Recommendation*, Doc. No. 140, without merit and they are therefore **DENIED**. The

*Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.  Defendant Waldren's motion to dismiss, Doc. No. 116, is denied without prejudice to refiling.[1]

           ***s/George C. Smith***
           **George C. Smith, Judge**
           **United States District Court**

---

[1] The Court notes that defendant Waldren has already filed another motion to dismiss.  Doc. No. 135.