IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

       **Plaintiff,**

  vs.                                                Civil Action 2:09-CV-687
                                                             Judge Smith
                                                             Magistrate Judge King

**FRANKLIN COUNTY,** *et al.***,**

       **Defendants.**

### ORDER

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County Jail. Defendant Daniel Waldren has filed a motion to dismiss for failure to effect service of process. Doc. No. 135. In support of his motion under Fed. R. Civ. P. 12(b)(5), defendant Waldren attaches an affidavit signed by Major Stephanie Klumpp. *Exhibit A*, attached to Doc. No. 135. Defendant has filed a response to the motion to dismiss, Doc. No. 155.

    In an excess of caution, however, the Court will convert the motion to dismiss into a motion for summary judgment under Rule 56. *But see*, *e.g.*, *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) ("Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)."); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed.) (stating that the rule converting motions to dismiss into motions for summary judgment applies only to Rule 12(b)(6) motions because "[t]here never has been any serious doubt as to the availability of extra-pleading

material" as to motions under Rules 12(b)(1) through 12(b)(5) and 12(b)(7), because motions under those rules "only challenge the propriety of the court adjudicating the claim before it and do not reach the validity of the claim itself").  In converting the motion to dismiss to one for summary judgment, the facts stated in the affidavit attached to the motion to dismiss will be accepted as true by the Court unless plaintiff submits other evidence showing that there is a genuine conflict of fact.  If plaintiff has personal knowledge of facts that are different from those set out in defendant Waldren's supporting affidavit, he should submit an affidavit[1] stating those contrary facts.  He should also submit the affidavits of such other persons having knowledge of the facts and any documents he has relating to the facts.

Accordingly, the parties are **ADVISED** that the Court intends to treat the motion to dismiss, Doc. No. 135, as one for summary judgment under Rule 56.  Plaintiff is **ORDERED** to supplement his response to the motion to dismiss within 14 days from the date of this *Order*. Defendant Waldren may file a reply, if any, within 7 days from the date that plaintiff's supplemental response is filed.

May 22, 2012                                  *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

---

[1] The affidavit need not be notarized.  It is sufficient if the affiant makes an unsworn declaration under penalty of perjury in the following form:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date).  (Signature)." *See* 28 U.S.C. §1746.