IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD E. ENYART, JR.,

        Plaintiff,

   vs.                              Civil Action 2:09-CV-687
                                         Judge Smith
                                         Magistrate Judge King

FRANKLIN COUNTY, *et al.*,

        Defendants.

## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County jail. In an *Order and Report and Recommendation* issued January 11, 2012, the United States Magistrate Judge recommended that the claims against defendant Daniel Thacker be dismissed for failure to effect service of process.  Doc. No. 147.  This matter is now before the Court on plaintiff's objections, Doc. No. 156, to that *Order and Report and Recommendation* which the Court will consider *de novo*.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

As way of background, this action was filed on August 6, 2009, naming as defendants Sheriff Jim Karnes and two "John Does." *Complaint*, Doc. No. 2.  Thereafter, on November 24, 2010, plaintiff filed an amended complaint naming, *inter alios*, Daniel Thacker as a

defendant.  *Amended Complaint*, Doc. No. 76.[1]  A summons was issued to defendant Thacker at FCCCI.  Doc. No. 83.  On February 25, 2011, the summons was returned unexecuted with the notation "refused."  Doc. No. 88.  On April 26, 2011, the Court, noting that defendant Thacker and other named defendants had not yet been served, directed the Clerk's Office to effect service of process by ordinary mail, consistent with S.D. Ohio Civ. R. 4.2(c), on, *inter alios*, defendant Thacker. *Order and Report and Recommendation*, Doc. No. 96.  The Clerk certified that a copy of the *Amended Complaint* had been sent by regular mail to defendant Thacker at FCCCI.  Doc. No. 97.  That summons was returned unexecuted with the notation that defendant Thacker "has not worked here in a couple of years."  Doc. No. 108-1.

Upon motion and a showing of good cause, this Court previously granted plaintiff an extension of time to serve defendant Thacker. *Opinion and Order*, Doc. No. 131, p. 4.  *See also* Fed. R. Civ. P. 4(m) (providing that a plaintiff must serve defendants within 120 days of the filing of the complaint).  The Court also granted plaintiff's motion to compel and ordered defendant Mandy Miller to file under seal a current address for defendant Thacker, if that address is available to her.  *Opinion and Order*, Doc. No. 131, p. 4.

On September 28, 2011, defendant Miller filed a notice reporting that "she does not have any knowledge of where Thacker may be found." Doc. No. 134.  In response, plaintiff argued that defendant Miller's

---

[1]Prior to that time, plaintiff filed a motion for leave to amend the complaint to assert claims against defendant Thacker, *Plaintiff's Motion for Leave to File an Amended Complaint,* Doc. No. 42, and an amended complaint that named Daniel Thacker as a defendant.  *Amended Complaint*, Doc. No. 57.

2

professed lack of knowledge was incredible and urged this Court to compel defendant Miller to disclose defendant Thacker's current address or face sanctions. Doc. No. 142. The Magistrate Judge, noting that defendant Miller represented to the Court, through counsel, that she does not have the requested information, concluded that the Court could compel nothing more. *Order and Report and Recommendation*, p. 2. The Magistrate Judge also concluded that plaintiff failed to establish good cause for another extension of time because not only did he not seek additional time in which to serve defendant Thacker, he failed to represent that another extension of time would permit him to effect proper service of process. *Id*. at 2-3. The Magistrate Judge therefore recommended that the claims against defendant Daniel Thacker be dismissed for failure to effect service of process. *Id*. at 3.

In objecting to this recommendation, plaintiff argues that Rule 4(m) of the Federal Rules of Civil Procedure requires the Court to extend the time for service for "an appropriate period," which plaintiff understands to mean "that the extension of time [that plaintiff previously requested] extends until service is effected." Doc. No. 156, pp. 1-2. Without citing to any case authority, plaintiff contends that "it seems reasonable that the 'appropriate period,' according to Rule 4(m), would be whatever time period it takes to effect said service." *Id*. at 2. Therefore, plaintiff argues, his failure to ask for additional time is not fatal. *Id*. However, if necessary, plaintiff seeks leave to file another motion for an extension "to extend the time period to effect service to be

3

whatever period of time it takes to effect service" or "to extend the period to a specific milestone or date[.]" *Id.*

Plaintiff's argument misses the mark.  He overlooks or disregards the requirement under Rule 4(m) that he must establish good cause for failing to effect service of process on defendant Thacker.  More specifically, that rule provides that, if service is not effected within 120 days of the filing of the complaint, the Court "must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Therefore, plaintiff, as the party opposing dismissal of his claims against defendant Thacker, has the burden of establishing good cause, which "'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)).  Determining whether good cause has been shown is left to the discretion of the district court.  *Id. See also McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, 2009 U.S. Dist. LEXIS 14044, at *16-18 (S.D. Ohio Feb. 24, 2009) (declining to grant discretionary extension under Rule 4(m) to plaintiffs who, without good cause shown, sought leave to serve defendants approximately two years after lawsuit initiated).

Here, plaintiff has still failed to establish good cause in his current objections even after the Magistrate Judge pointed out this deficiency when recommending dismissal of the claims against

defendant Thacker. *Order and Report and Recommendation*, pp. 2-3 ("[P]laintiff offers no other specific plans for obtaining defendant Thacker's current address and describes no additional steps he has taken to secure that address following defendant Miller's notice that she does not have the address."). Instead, plaintiff speculates that defendant Miller, who has since been dismissed as a defendant, *Opinion and Order*, Doc. No. 148; *Opinion and Order,* Doc. No. 160, "should be able to access department records, which would certainly contain Thacker's last known address." Doc. No. 156, pp. 2. The Court agrees with the Magistrate Judge that, notwithstanding plaintiff's unsupported speculation to the contrary, the record presents no reason to suggest that former defendant Miller can provide defendant Thacker's current address. As noted by the Magistrate Judge, the Court cannot compel defendant Miller to produce information that she does not possess.

Plaintiff also asserts that defendant Thacker "has obviously been served" because counsel has "filed numerous pleadings" on this defendant's behalf and because – speculating once again – that defendant Thacker is evading service of process. Doc. No. 156, p. 4. Plaintiff also argues that his "*pro se*, indigent, imprisoned" status, combined with his prior efforts to effect service, is sufficient to extend "the time to effect service, until such time as all requested means to obtain the defendant's address [through defendant Miller] have been exhausted." *Id*. at 3-4. However, extensions of time under Rule 4(m) are not granted without limit or condition. *See*, *e.g.*, *Turner v. Grant County Det. Ctr.*, No. 05-148-DLB, 2007 U.S. Dist.

LEXIS 34290, at *8 (E.D. Ky. May 10, 2007) ("While this Court has the discretion to fashion appropriate relief for failing to effectuate service, exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service").  Moreover, plaintiff's *pro se* status does not "relieve [him] of [his] obligation to properly effect service of the summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown Cnty. Bd of Comm'rs*, No. 1:05-CV-16, 2005 U.S. Dist. LEXIS 15225, at *17 (S.D. Ohio July 27, 2005).

This case has been pending for almost three years and plaintiff's claims against defendant Thacker have been pending for almost two years.  Yet plaintiff offers no specific plans for effecting service of process on this defendant.  Under these circumstances, the Court concludes that plaintiff has failed to establish good cause for yet another extension of time to effect service of process on defendant Thacker.  *Cf. McCombs*, 2009 U.S. Dist. LEXIS 14044, at *16-18.

Having carefully reviewed the January 11, 2012 *Order and Report and Recommendation,* Doc. No. 147, and plaintiff's objections, Doc. No. 156, the Court concludes that plaintiff's objections to the *Order and Report and Recommendation* are without merit and they are therefore **DENIED**.  The January 11, 2012 *Order and Report and Recommendation*, Doc. No. 147, is hereby **ADOPTED** and **AFFIRMED**.  Daniel Thacker is **DISMISSED** as a defendant.

_s/George C. Smith_
George C. Smith, Judge
United States District Court