IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

    **Plaintiff,**

  vs.                                  Civil Action 2:09-CV-687
                                        Judge Smith
                                        Magistrate Judge King

**SHERIFF JIM KARNES, *et al.*,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County Jail. This matter is now before the Court on *Defendant Daniel Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 135 ("*Defendant Waldren's Motion*"). For the reasons that follow, it is **RECOMMENDED** that *Defendant Waldren's Motion* be **DENIED**.

**I. BACKGROUND**

Plaintiff initiated this action on August 6, 2009, by the filing of the original *Complaint* that named as defendants Sheriff Jim Karnes[1] and two "John Does." *Complaint*, Doc. No. 2. Thereafter, plaintiff moved for leave to amend in order to identify two new defendants, including Deputy Daniel Waldren whom plaintiff intended to name as the "John Doe 1" referred to in the *Complaint*. Doc. No. 10. Plaintiff did not tender the proposed amended complaint asserting claims against

---

[1]Sheriff Jim Karnes is now deceased.

defendant Waldren; however, his motion for leave to amend specifically stated that plaintiff intended that paragraphs in the original *Complaint* relating to defendant "John Doe 1" be asserted against defendant Waldren. *Id*. Because no answer had yet been filed, plaintiff's motion was granted. *Order*, Doc. No. 13. In granting that motion, the Court directed plaintiff to "provide a copy of the complaint, a summons and a Marshal service form for each of the two new defendants" for purposes of effecting service of process. *Id*. Plaintiff did so, and the docket reflects that service of those papers on defendant Waldren was completed on March 31, 2010. *Summons Returned Executed*, Doc. No. 41. No response to the original complaint was filed by this defendant, however.

Plaintiff filed yet additional motions for leave to amend and sought leave to join additional parties. However, those motions were not accompanied by a proposed amended complaint. Recognizing the ambiguity in the record, the Court, on November 10, 2010, ordered plaintiff to file a new amended complaint that expressly identified, *inter alios*, Deputy Waldren as a defendant. *Order and Report and Recommendation*, Doc. No. 69. The Court also ordered plaintiff to submit service papers for all defendants except defendant Karnes and directed the United States Marshal Service to effect service of process upon plaintiff's submission of those documents. *Id*.

Thereafter, plaintiff filed the *Amended Complaint*, Doc. No. 76, and submitted, *inter alia*, a completed summons directed to defendant Waldren at the Franklin County Corrections Center I ("FCCCI") at 370 South Front Street in Columbus. Doc. No. 74. On February 25, 2011, the summons was returned unexecuted with the notation that service was

2

"[r]efused" when attempted on February 16, 2011. *Summons Returned Unexecuted,* Doc. No. 87, p. 3.

On April 26, 2011, the undersigned commented that defendant Waldren and certain other named defendants had not yet been served with process and recommended, *inter alia,* that plaintiff's motion for entry of default therefore be denied. *Order and Report and Recommendation*, Doc. No. 96. Plaintiff did not object to that particular recommendation[2] and his motion for entry of default was denied. *Opinion and Order*, Doc. No. 112.

The *Order and Report and Recommendation*, Doc. No. 96, also directed the Clerk's Office to effect service of process on defendant Waldren by ordinary mail consistent with S.D. Ohio Civ. R. 4.2(c).[3] On April 27, 2011, the Clerk certified that a copy of the *Amended Complaint* had been sent by regular mail to defendant Waldren at FCCCI.

---

[2] Plaintiff did, however, object to the recommendation that Franklin County be dismissed as a defendant and to various orders issued by the undersigned.

[3] S.D. Ohio Civ. R. 4.2(c) provides:

> If service of process is refused or was unclaimed, the Clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification, files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall forthwith notify the attorney or serving party, electronically or by mail.

*Certificate of Mailing by Clerk,* Doc. No. 97.

On July 7, 2011, defendant Waldren filed a motion to dismiss for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). *Defendant Daniel Waldren's Motion to Dismiss for Failure of Service of Process,* Doc. No. 116. In support of that motion, defendant Waldren attached the affidavit of Major Stephanie Klumpp who averred that defendant Waldren "was not at 370 S. High Street" on February 16, 2011, *i.e.*, the day that service of process based on the *Amended Complaint* was attempted, and that defendant Waldren therefore did not "refuse" that service. *Exhibit A*, ¶¶ 4-5, attached to Doc. No. 116. The Court, noting that the summons had been addressed to defendant Waldren at "370 S. Front Street" and not 370 S. High Street, denied the motion to dismiss without prejudice to renewal. *Opinion and Order*, Doc. No. 152.

Later, *Defendant Waldren's Motion* was filed, attaching as Exhibit A the *Affidavit of Major Stephanie Klumpp* ("*Klumpp Affidavit*"). Although plaintiff responded to *Defendant Waldren's Motion*, *see* Doc. No. 155, the Court, in an excess of caution,[4] advised the parties of its intent to treat the motion as one for summary judgment under Fed. R. Civ. P. 56 and gave the parties the opportunity to further address

---

[4] Motions to dismiss under Fed. R. Civ. P. 12(b)(5) that attach affidavits need not be treated as ones for summary judgment. *See*, *e.g.*, *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) ("Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)."); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed.) (stating that the rule converting motions to dismiss into motions for summary judgment applies only to Rule 12(b)(6) motions because "[t]here never has been any serious doubt as to the availability of extra-pleading material" as to motions under Rules 12(b)(1) through 12(b)(5) and 12(b)(7), because motions under those rules "only challenge the propriety of the court adjudicating the claim before it and do not reach the validity of the claim itself").

the issue.  *Order*, Doc. No. 159, pp. 1-2

On June 6, 2012, *Plaintiff's Supplement* [sic] *Response to the Motion to Dismiss That Was Converted to a Motion for Summary Judgment*, Doc. No. 161 ("*Plaintiff's Supplemental Response*"), was filed. Because defendant Waldren did not file a supplemental reply, this matter is now ripe for resolution.[5]

**II.  DISCUSSION**

Defendant Waldren contends that the Court should dismiss the claims asserted against him because of failure of service of process. Rule 4(c) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a summons and a copy of the complaint in timely fashion.  Fed. R. Civ. P. 4(c)(1).  *See also* Fed. R. Civ. P. 4(m)(each defendant must ordinarily be served with process within 120 days of the filing of the complaint).  "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  The plaintiff "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington-Fayette Urban County Gov't,* No. 00-6097, 18 Fed. Appx. 285, at *287 (6th Cir. Aug. 21, 2001)(citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Attached to *Defendant Waldren's Motion* is the revised *Klumpp Affidavit*.  Major Klumpp worked at the Franklin County Sheriff's

---

[5]Because the Court concludes that *Defendant Waldren's Motion* is without merit, the Court need not address plaintiff's objection to the Court's briefing schedule or argument that he requires discovery in order to respond to *Defendant Waldren's Motion*.

5

office during the relevant time frame and was aware of defendant Waldren's work schedule. *Id*. at ¶¶ 2-3. She avers that her earlier affidavit "mistakenly identified the work address of Deputy Waldren, specifically the Franklin County Jail, as '370 S. High Street.' The correct address for the Franklin County Jail is 370 S. Front Street." *Id*. at ¶ 4. Major Klumpp also avers that "Deputy Waldren was not at 370 S. Front Street on February 16, 2011 as the day was one of his regularly scheduled days off" and therefore, to her knowledge, defendant Waldren did not "refuse" the service of process attempted on that date. *Id*. at ¶¶ 5-6. Major Klumpp further avers that defendant Waldren's last day of employment with the Sheriff's Office was April 13, 2011, and that he thereafter embarked on a two year tour of duty with the United States military. According to Major Klumpp, defendant Waldren was deployed to Afghanistan on or about April 14, 2011 – *i.e.*, prior to the ordinary mail service on April 27, 2011. *Id*. at ¶ 7. Based on this evidence, defendant Waldren argues that plaintiff's claims against him must be dismissed for insufficiency of service of process.

However, service of process based on the original *Complaint*, and made in conformity with the Court's directive, *see* Doc. No. 13, was executed on defendant Waldren on March 31, 2010. *Summons Returned Executed,* Doc. No. 41. Under these circumstances, the Court concludes that dismissal of this defendant for claimed insufficiency of service of process is unwarranted.

The Court recognizes that this conclusion is inconsistent with the earlier denial of plaintiff's motion for entry of defendant Waldren's default. *See Opinion and Order*, Doc. No. 112. However, that

6

decision (and the recommendation upon which it was based) overlooked the fact that the March 31, 2010 service of process was effected in apparent conformity with the express directive of the Court contained in Doc. No. 13.  However, the Court does not recommend, as requested by plaintiff in *Plaintiff's Supplemental Response*, p. 5, the entry of defendant Waldren's default, nor does the Court recommend reconsideration of the denial of plaintiff's earlier motion for entry of default.  The ambiguous and confused state of the docket – caused in no small part by plaintiff's numerous motions to amend and failures to provide amended pleadings that explicitly set forth the allegations against each of the named defendants – militates against the entry of default.  *See United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983)("Trials on the merits are favored in federal courts. . .").  In any event, the Servicemembers Civil Relief Act offers to members of the military certain protections against default judgment.  50 U.S.C. App. § 521.[6]

**WHEREUPON**, it is **RECOMMENDED** that *Defendant Dan Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 135, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part

---

[6]*Plaintiff's Supplemental Response* also requests that summary judgment in his favor be entered against defendant Waldren.  In addition to the fact that plaintiff has not actually filed a motion for summary judgment, the Servicemembers Civil Relief Act also authorizes a stay of proceedings against a service member under certain circumstances.  50 U.S.C. App. § 522.

thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 16, 2012  *s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge