IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RICHARD E. ENYART, JR.,**

    **Plaintiff,**

  vs.                                          Civil Action 2:09-CV-687
                                                Judge Smith
                                                Magistrate Judge King

**FRANKLIN COUNTY,** *et al.,*

    **Defendants.**


## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County Jail. In a *Report and Recommendation* issued on July 16, 2012, the United States Magistrate Judge recommended that *Defendant Daniel Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 135 ("*Defendant Waldren's Motion*") be denied. Doc. No. 165. This matter is now before the Court on plaintiff's objections, Doc. No. 167, to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

This Court has previously detailed the lengthy procedural history of this case. *See*, *e.g.*, *Report and Recommendation*, Doc. No. 165, pp. 1-5. In recommending that *Defendant Waldren's Motion* be denied because dismissal for claimed insufficiency of service of process is unwarranted, the Magistrate Judge noted that service of process based on the original *Complaint*, and made in conformity with the Court's

directive, *see* Doc. No. 13, was executed on defendant Waldren on March 31, 2010, *Summons Returned Executed,* Doc. No. 41. *Report and Recommendation*, p. 6-7. Defendant Waldren filed no response to the original *Complaint.* The Magistrate Judge acknowledged that the Court had earlier, mistakenly, concluded that defendant Waldren had not been served wtih process. *See Opinion and Order*, Doc. No. 112. However, the Magistrate Judge also declined plaintiff's request that defendant Waldren's default be entered. *Report and Recommendation*, pp. 2, 6-7. In that regard, the Magistrate Judge noted the ambiguous and confused state of the docket, which was caused in no small part by plaintiff, and concluded that the Servicemembers Civil Relief Act offers to members of the military certain protections against default judgment. *Id*. at 7 (citing 50 U.S.C. Appx. § 521).

Plaintiff objects to the Magistrate Judge's refusal to recommend the entry of default of defendant Waldren, asserting multiple arguments, which the Court will address in turn.

I.  **OBJECTIONS RELATING TO THE STATE OF THE DOCKET**

Plaintiff first argues that the Magistrate Judge's reliance on "[t]he ambiguous and confused state of the docket" in denying his request for entry of default is misplaced. *Plaintiff's Objections to the R & R Filed 07/16/12 (#165)*, Doc. 167, pp. 2-3 ("*Plaintiff's Objections*"). Specifically, plaintiff contends that defendant Waldren's default and plaintiff's first motion for entry of default were reflected on the docket "well before there can be any reasonable assertion that the docket was ambiguous and confused." *Id.* at 3 (citing Doc. No. 54). Plaintiff argues that the *Report and*

2

*Recommendation* "overlooked" this earlier motion for entry of default, Doc. No. 54, and contends that entry of defendant Waldren's default is warranted. *Id*.

Plaintiff's argument in this regard is not well-taken. Although plaintiff is correct that he filed a request for entry of default, *Plaintiff's Declaration for Entry of Default*, Doc. No. 54, on August 3, 2010, that motion was specifically directed to former defendant Franklin County,[1] not to defendant Waldren. *Id*. at 1. Plaintiff's first request for entry of default directed to defendant Waldren was filed on March 29, 2011. Doc. No. 93. By that time, as even plaintiff appears to concede, *see Plaintiff's Objections*, p. 2, the state of the docket was indeed ambiguous and confused. The Court is not persuaded that the Magistrate Judge's recommendation in this regard was in error.

**II. OBJECTIONS RELATING TO THE SERVICEMEMBERS CIVIL RELIEF ACT**

Plaintiff next argues that the Servicemembers Civil Relief Act ("SCRA") does not protect defendant Waldren, because this defendant was served on March 31, 2010, but "knowingly and willfully" failed to respond to the *Complaint* for over a year before he left for service on April 14, 2011. *Plaintiff's Objections*, p. 4. However, as discussed *supra*, the ambiguous and confused state of the docket undermines plaintiff's assertion that defendant Waldren knowingly and willfully refused to respond.

Moreover, the SCRA applies "to any civil action or proceeding, including any child custody proceeding, in which the defendant does

---

[1] The Court dismissed Franklin County as a defendant on June 8, 2011. *Opinion and Order*, Doc. No. 112.

not make an appearance." 50 U.S.C. Appx. § 521(a). The SCRA further provides that "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" that states (1) "whether or not the defendant is in military service and showing necessary facts to support the affidavit"; or (2) "stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. Appx. § 521(b)(1).

Here, plaintiff's *Declaration for Entry of Default*, Doc. No. 93, represents, *inter alia*, that "[t]he defendants are not in the military service[.]" His later request for the entry of defendant Waldren's default, consisting of one sentence tacked on at the end of his supplemental response to the motion to dismiss, Doc. No. 161, p. 5,[2] was filed well after the docket reflected that defendant Waldren had departed for active military service. *See Affidavit of Major Stephanie Klumpp,* Doc. No. 135-1. Nevertheless, plaintiff's conclusory request for default is defective because, *inter alia*, it does not state under oath whether defendant Waldren is in military service, nor does it state that plaintiff is unable to determine whether defendant Waldren is in military service. *See* 50 U.S.C. Appx. § 521(b)(1); *Merrill v. Beard*, No. 5:05CV768, 2007 U.S. Dist. LEXIS 9210, at *7 (N.D. Ohio Feb. 7, 2007) ("The affidavit is a prerequisite before default judgment may be awarded.") (citing *Owensby v. City of Cincinnati*, 385 F. Supp. 2d 626 (S.D. Ohio 2005)). The Court therefore concludes that entry of defendant Waldren's default is unwarranted and inconsistent

---

[2]Plaintiff is reminded that motions or requests for particular relief should be filed separately rather than buried in briefs responding to other motions. It is by the filing of a separate motion that the motion is brought to the Court's attention and eliminates confusion during the briefing period.

with the provisions of the SCRA. *Cf. United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983)("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."); *Frank Betz Assocs. v. J.O. Clark Constr., LLC*, No. 3:08-0159, 2009 U.S. Dist. LEXIS 78829 (M.D. Tenn. Aug. 31, 2009) (declining request to enter default where plaintiff had not filed the required SCRA affidavit and where defendant eventually filed an answer beyond the time period permitted by the Federal Rules of Civil Procedure).

**III. REMAINING OBJECTIONS**

Plaintiff also contends that default judgment "is part of usual litigation practice under Fed. R. Civ. P. 55" and argues that this Court "should not interpret the PLRA exhaustion requirement to depart from the usual practices under the Federal Rules of Civil Procedure of accepted litigation practice[.]" *Plaintiff's Objections*, p. 4 (citing *Jones v. Bock*, 549 U.S. 199, 212-13, 221-24 (2007)). This objection is, again, without merit. As noted *supra*, default judgment is a drastic measure that courts impose only in a narrow category of cases. *United Coin Meter Co.*, 705 F.2d at 845. Here, the Court is not persuaded that plaintiff's defective request for entry of default and/or default judgment based on an ambiguous and confused docket falls within that category. Accordingly, refusing to grant default under these circumstances is in accordance with, rather than a departure from, circuit precedent. Moreover, plaintiff's reliance on *Jones* does not justify the entry of default or default judgment against defendant Waldren. *See Jones*, 549 U.S. at 212-13 (explaining that "courts should generally not depart from the usual practice under

the Federal Rules on the basis of perceived policy concerns" in the context of rejecting requirements that inmate plaintiffs plead and demonstrate exhaustion in their complaints), 221-24 (rejecting policy arguments that 42 U.S.C. § 1997e(a) contains a total exhaustion rule).

Plaintiff goes on to argue that "contempt damages. . . although unconventional, are certainly in accordance with the Federal Rules, accepted litigation practice and the PLRA." *Plaintiff's Objections*, pp. 4-5 (citing *Widmer-Baum v. Chandler-Halford*, 162 F.R.D. 545, 553-59 (S.D. Iowa 1995); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986); *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)). Based on the record discussed *supra*, however, the Court cannot conclude that defendant Waldren willfully disregarded or disobeyed an order of this Court. To that end, plaintiff's reliance on his cited cases is inapposite. *See Widmer-Baum*, 162 F.R.D. 545 (denying motion to vacate default judgment and finding "culpable disregard for court-ordered deadlines" where, *inter alia*, defense counsel failed to file an answer to the complaint even when counsel knew of the answer deadline and where defendants "casually ignored the deadlines" when they failed to respond to plaintiff's motion for default judgment); *Benny*, 799 F.2d 489 (affirming entry of default judgment against prison guards where, *inter alia*, defendant guards intentionally threw out the papers after being personally served by plaintiff; defendant guards requested and received an extension of time to file an answer, but nevertheless failed to file an answer); *Davis*, 713 F.2d 907 (vacating order of default judgment and remanding for evidentiary hearing where the record was unclear as to whether defendants' failure to respond was willful).

In short, the Court concludes that plaintiff's objections to the *Report and Recommendation* are without merit.

*Plaintiff's Objections*, Doc. No. 167, is therefore **DENIED**. The *Report and Recommendation*, Doc. No. 165, is hereby **ADOPTED** and **AFFIRMED**. *Defendant Dan Waldren's Motion to Dismiss for Failure of Service of Process*, Doc. No. 135, is **DENIED**. Plaintiff's request for entry of defendant Waldren's default, Doc. No. 161, is likewise **DENIED**.

*s/George C. Smith*
George C. Smith, Judge
United States District Court
