IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

    **Plaintiff,**

  **vs.**                                  Civil Action 2:09-CV-687
                                              Judge Smith
                                              Magistrate Judge King

**FRANKLIN COUNTY,** *et al.*,

    **Defendants.**

## ORDER

Plaintiff has filed a motion seeking an order compelling (1) defendants to produce defendant Thacker's address in order to effect service of process on this defendant; and (2) Corporal Mandy Miller to respond to two (2) "outstanding admissions that are directly related to Thacker's identity." Doc. No. 172, p. 4.

Plaintiff's first request is moot. On October 4, 2012, the Court directed the United States Marshal Service to take reasonable steps to locate defendant Thacker's current address and, if he was located, to attempt to perfect service of process on this defendant. *Opinion and Order*, Doc. No. 171. On October 23, 2012, the Marshal Service effected service of process on defendant Thacker. Doc. No. 174.[1] Therefore, because the Marshal Service already has located and effected service of process on this defendant, there is no need for an order compelling disclosure of defendant Thacker's address to effect service of process.

Plaintiff next asks this Court to compel Corporal Miller, a non-

---

[1]In accordance with the Court's *Opinion and Order*, Doc. No. 174, proof of service was filed under seal.

party, to answer two requests for admissions because (a) these admissions go "to identifying Defendant John Doe 2 as Daniel Thacker[,]" and (b) because of "defendants['] seemingly deliberate avoidance as to any and all direct questions regarding Thacker's identification."  Doc. No. 172, p. 3.

Although these proffered reasons may be new, plaintiff's request to compel discovery from Corporal Miller has been, with one exception,[2] repeatedly rejected by this Court.  *See Opinion and Order*, Doc. No. 127 (denying motion to compel discovery from, *inter alia*, defendant Miller on September 19, 2011); *Opinion and Order*, Doc. No. 148 (dismissing Corporal Miller as a defendant and denying a motion to compel discovery from Corporal Miller as moot); *Order*, Doc. No. 149 (denying motion to reconsider *Opinion and Order*, Doc. No. 127); *Opinion and Order*, Doc. No. 160 (denying motion to reconsider *Opinion and Order*, Doc. No. 148).  For the reasons previously set forth by this Court, not least of which that she was previously dismissed from this action, plaintiff's most recent request to compel discovery from Corporal Miller is without merit.

**WHEREUPON**, plaintiff's *Motion to Compel Thacker's Address*, Doc. No. 172, is **DENIED**.

---

[2]On September 20, 2011, the Court directed Corporal Miller, then a defendant, but who has since been dismissed from this action on January 12, 2012, *Opinion and Order*, Doc. No. 148, to provide to the Court, under seal, a current address for defendant Thacker, if that address was available to her.  *Opinion and Order*, Doc. No. 131.  However, when Corporal Miller later indicated that she has no knowledge of where defendant Thacker may be found, *Notice of Defendant Miller*, Doc. No. 134, the Court later denied plaintiff's motion to compel Corporal Miller to produce an address for defendant Thacker.  *Order and Report and Recommendation*, Doc. No. 147; *Opinion and Order*, Doc. No. 171.

November 8, 2012                                    *s/Norah McCann King*
                                                     Norah McCann King
                                              United States Magistrate Judge