```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**RICHARD E. ENYART, Jr.,**

      **Plaintiff,**                                    **Case No. 2:09-cv-687**
                                                      **Judge Smith**
                  **vs.**                                    **Magistrate Judge King**

**FRANKLIN COUNTY,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process while detained in the Franklin County Jail. This matter is now before the Court on defendant Daniel Thacker's *Defendant's Motion to Dismiss and In the Alternative for Summary Judgment*, Doc. No. 180 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss* be **DENIED**.

**I.    BACKGROUND**

This case has a lengthy and convoluted procedural history. As it relates to the instant defendant,[1] plaintiff initiated this action on August 6, 2009, with the filing of the original *Complaint*, which named as defendants Sheriff Jim Karnes[2] and two "John Does." *Complaint*, Doc. No. 2. Thereafter, plaintiff moved for leave to amend in order to add

---

[1] The only other remaining defendant is Deputy Dan Waldren. *See Report and Recommendation*, Doc. No. 165 (noting, *inter alia*, that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, offers to members of the military certain protections); *Opinion and Order*, Doc. No. 168 (adopting and affirming *Report and Recommendation*).

[2] Sheriff Jim Karnes is now deceased.

1

four new defendants, including Deputy Daniel Thacker whom plaintiff intended to name as the "John Doe 2" referred to in the *Complaint*. Doc. No. 42, p. 2. The motion was not accompanied by a proposed amended complaint. *Id*. Notwithstanding defendant Sheriff Karnes's opposition to this motion, Doc. No. 47, plaintiff filed, without leave of Court, an amended complaint effecting these additions. *Amended Complaint*, Doc. No. 57.

Recognizing the ambiguity in the record, the Court, on November 10, 2010, ordered plaintiff to file a new amended complaint that expressly identified, *inter alios*, Deputy Thacker as a defendant. *Order and Report and Recommendation*, Doc. No. 69. The Court also ordered plaintiff to submit service papers for all defendants except defendant Karnes and directed the United States Marshal Service to effect service of process upon plaintiff's submission of those documents. *Id*.

Thereafter, plaintiff filed the *Amended Complaint*, Doc. No. 76, and submitted, *inter alia*, a completed summons directed to defendant Thacker at the Franklin County Corrections Center I ("FCCCI"). On February 25, 2011, the summons was returned unexecuted with the notation "refused." Doc. No. 88. On April 26, 2011, the Court, noting that defendant Thacker and other named defendants had not yet been served, directed the Clerk's Office to effect service of process by ordinary mail, consistent with S.D. Ohio Civ. R. 4.2(c), on, *inter alios*, defendant Thacker. *Order and Report and Recommendation*, Doc. No. 96. The Clerk certified that a copy of the *Amended Complaint* had been sent by regular mail to defendant Thacker at FCCCI. Doc. No. 97.

2

That summons was returned unexecuted with the notation that defendant Thacker "has not worked here in a couple of years." Doc. No. 108-1.

After unsuccessful attempts to locate defendant Thacker and an extension of time in which to serve this defendant, *see, e.g.*, *Opinion and Order*, Doc. No. 131 and *Opinion and Order*, Doc. No. 171,[3] the Court ultimately directed the United States Marshal Service to take "reasonable steps to locate defendant Thacker's current address . . . and to attempt to perfect service of process." *Opinion and Order*, Doc. No. 171, pp. 10-11. The Court further directed the Clerk "to furnish to the United States Marshal Service a summons and copy of the *Amended Complaint*, Doc. No. 76, for service on defendant Thacker." *Id*. at 10. In the event that defendant Thacker's personal address was located, the Court also directed the Marshal Service to file proof of service under seal. *Id*. at 11.

On October 23, 2012, proof of service on defendant Thacker was filed under seal. Doc. No. 174. The Court issued a scheduling order requiring, *inter alia*, that all discovery be completed by June 30, 2013 and that dispositive motions be filed no later than July 31, 2013. *Scheduling Order*, Doc. No. 178, pp. 1-2.

Thereafter, defendant Thacker filed the *Motion to Dismiss*, arguing that service of process was insufficient or, in the alternative, contending that he is entitled to summary judgment. Plaintiff has opposed the *Motion to Dismiss* and, in response to defendant Thacker's request for summary judgment, plaintiff asks for

---

[3] After having been dismissed, *Opinion and Order*, Doc. No. 162, defendant Thacker was later reinstated as a party defendant. *Opinion and Order*, Doc. No. 171.

an extension of time in which to conduct discovery pursuant to Fed. R. Civ. P. 56(d).[4] *Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss and/or Summary Judgment (#180)*, Doc. No. 183 ("*Memo. in Opp.*").  With the filing of *Defendant Daniel Thacker's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in the Alternative for Summary Judgment*, Doc. No. 185 ("*Reply*"), this matter is ripe for resolution.

**II.   STANDARD OF REVIEW**

    **A.   Rule 12(b)(5) Motion to Dismiss**

Defendant Thacker seeks dismissal of the claims against him because, he argues, service of process was defective. Rule 4(c) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a summons and a copy of the complaint in timely fashion.  Fed. R. Civ. P. 4(c)(1).  *See also* Fed. R. Civ. P. 4(m)(each defendant must ordinarily be served with process within 120 days of the filing of the complaint).  "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  The plaintiff "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington-Fayette Urban County Gov't*, No. 00-6097, 18 Fed. Appx. 285, at *287 (6th Cir. Aug. 21, 2001)(citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).  *See also McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) ("When

---

[4] Plaintiff erroneously refers to Fed. R. Civ. P. 56(f), which is an earlier version of the rule.

4

service of process is challenged, the burden rests with the plaintiff to establish that service is properly made.").

Motions to dismiss under Fed. R. Civ. P. 12(b)(5) need not be treated as motions for summary judgment even if they are supported by affidavits. *See*, *e.g.*, *Baxter Bailey Invs., LLC v. Harrison Poultry, Inc.*, No. 11-3116, 2012 U.S. Dist. LEXIS 131167, at *4-5 (E.D. Tenn. Sept. 14, 2012) ("To assist the court in determining factual issues, the '[p]arties may submit affidavits and exhibits with a motion to dismiss under Rule 12(b)(5).'") (quoting *Travelers Cas. & Sur. Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 922 (D. Ariz. 2003)); *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) ("Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)."); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed.) (stating that the rule converting motions to dismiss into motions for summary judgment applies only to Rule 12(b)(6) motions because "[t]here never has been any serious doubt as to the availability of extra-pleading material" as to motions under Rules 12(b)(1) through 12(b)(5) and 12(b)(7), because motions under those rules "only challenge the propriety of the court adjudicating the claim before it and do not reach the validity of the claim itself").

    **B.**    **Summary Judgment**

Defendant Thacker also argues, in the alternative, that he is entitled to summary judgment on plaintiff's claims.  Summary judgment is appropriate if the record establishes that there exists no genuine

5

issue of material fact. Rule 56(a), Fed. R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**III. DISCUSSION**

Defendant Thacker first argues that the Marshal's service of process on him was insufficient because (1) it was not effected within 120 days of the filing of the original *Complaint* in violation of Fed. R. Civ. P. 4(m), and (2) he was not served with a copy of the *Amended Complaint*. *Motion to Dismiss*, p. 6; *Reply*, pp. 1-2. Defendant Thacker's arguments are not well-taken.

First, the procedural history detailed *supra* establishes that the Court extended the time for service of process on this defendant. *See also Opinion and Order*, Doc. No. 171. Second, the assertion that defendant Thacker was not served with a copy of the original *Complaint* or *Amended Complaint, see Motion to Dismiss*, p. 6 (citing *Affidavit of Daniel Thacker*, ¶¶ 2-3 ("*Thacker Affidavit*"), attached thereto, is not uncontroverted. As noted *supra*, the Court expressly directed the Clerk "to furnish to the United States Marshal Service a summons and copy of the *Amended Complaint*, Doc. No. 76, for service on defendant Daniel Thacker." Doc. No. 171, p. 10. The docket indicates that the Clerk complied with that directive. *Docket Entry*, Doc. No. 171 ("Summons and copies as addressed in the Order sent to the USMS for service.") The Marshal's return of service documents "Personal Service mandated by

6

Order and Opinion of the U.S. District Court, Southern District of Ohio[.]" Doc. No. 174, p. 3.  In short, the record reflects, at most, a disputed issue of fact as to whether or not defendant Thacker was served with a copy of the *Amended Complaint* in October 2012.  Based on this record, the Court cannot conclude that service of process effected in October 2012 was insufficient.

Defendant Thacker moves, in the alternative, for summary judgment, in response to which plaintiff requests time to conduct discovery pursuant to Fed. R. Civ. P. 56(d).  Plaintiff specifically asks that the Court defer considering the motion for summary judgment until plaintiff has had the opportunity to conduct discovery.  *Memo. in Opp.*, p. 3.

Rule 56(d) of the Federal Rules of Civil Procedure establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing

7

*Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [information sought] to be discovered,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'"  *Id*. (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).  Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion.  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

Here, plaintiff attached an affidavit, *see Exhibit A*, *Affidavit of Richard E. Enyart Jr.* ("*Enyart Affidavit*"), attached to *Memo. in Opp.*, but it does not address the specific discovery that plaintiff requires, nor does it explain why plaintiff has not yet obtained that discovery.  Plaintiff's failure in this regard is particularly curious in light of the Court's prior orders addressing similar deficiencies in his earlier requests for additional discovery.  *See*, *e.g.*, *Opinion and Order*, Doc. No. 70; *Opinion and Order*, Doc. No. 92.  Nevertheless, under the circumstances of this particular case, including the fact that the discovery completion date has not yet passed, plaintiff's request to postpone ruling on defendant Thacker's request for summary judgment is well-taken.

8

However, and notwithstanding this Court's present willingness to overlook this *pro se* plaintiff's failure to comply with Rule 56(d), plaintiff is specifically **ADVISED** that he must comply with that rule, if applicable, in all future filings. Stated differently, the Court will not overlook any failure on plaintiff's part to comply with the requirements of Rule 56(d) should plaintiff request another extension of time to respond to a renewed motion for summary judgment based on a need for additional discovery. *See*, *e.g.*, *Cacevic*, 226 F.3d at 488 ("The importance of complying with Rule 56(f) [now Rule 56(d)] cannot be overemphasized.").

Plaintiff is **FURTHER ADVISED** that any future request for discovery under Rule 56(d) should be filed as a separate motion rather than buried in a response to a dispositive motion. Filing a separate motion ensures that the request is added to the Court's pending motions list and eliminates confusion during the briefing period.

Finally, the Court notes that the present pretrial schedule requires that all discovery be completed by June 30, 2013 and that dispositive motions, if any, be filed no later than July 31, 2013. *Scheduling Order*, Doc. No. 178, pp. 1-2. The parties are **REMINDED** that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date. *Id*. at 1. The parties are **FURTHER REMINDED** that any request to modify the present pretrial schedule will require a showing of good cause. See Fed. R. Civ. P. 16(b)(4).

**WHEREPON**, it is **RECOMMENDED** that defendant Daniel Thacker's *Defendant's Motion to Dismiss and In the Alternative for Summary*

9

*Judgment*, Doc. No. 180, be **DENIED**.  Specifically, it is **RECOMMENDED** that defendant Thacker's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) be **DENIED** and that his request for summary judgment be **DENIED without prejudice to renewal.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 7, 2013                                                       *s/Norah McCann King*
                                                                   Norah M$^c$Cann King
                                                                   United States Magistrate Judge

10