IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. ENYART, Jr.,**

    Plaintiff,

vs.                                     Case No. 2:09-cv-687
                                            Judge Smith
                                            Magistrate Judge King

**SHERIFF JIM KARNES,** *et al.***,**

    Defendants.

REPORT AND RECOMMENDATION

    This matter is before the Court for consideration of *Defendant Daniel Thacker and Daniel Waldren's Motion for Summary Judgment* ("*Defendants' Motion*"), Doc. No. 192, *Plaintiff's Response in Opposition to [Defendants' Motion]*, Doc. No. 193, and defendants' reply, Doc. No. 194.  For the reasons that follow, it is **RECOMMENDED** that *Defendants' Motion* be **DENIED**.

I. Background

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that he was denied due process in connection with an alleged assault by other inmates while plaintiff was detained in the Franklin County jail.

    The *Amended Complaint*, Doc. No. 76, which is signed under penalty of perjury, alleges that plaintiff was arrested by the Columbus Police on August 11, 2007 for "pandering and voyeurism"[1] and taken to Franklin

---

[1] Plaintiff was actually charged with two felony counts of "illegal use of a minor" in violation of R.C. § 2907.323.  *Affidavit of Major Michael K. Herrell*, Doc. No. 52-1, at ¶ 7; Doc. No. 52-2.

County Corrections Center I ("FCCCI"). *Id*. at ¶¶ 10-11.  After spending the night in a holding cell, plaintiff was moved to the fifth floor at FCCCI. *Id*. at ¶¶ 11-12.  Defendant Deputy Dan Waldren allegedly walked plaintiff to his cell and said: "[W]hen the other inmates find out what you are in for you will be a dead little sick fuck – there won't be any protection here for you." *Id*. at ¶ 12.  Later that day, defendant Waldren, who was allegedly accompanied by defendant Deputy Daniel Thacker, *see Affidavit of Richard E. Enyart Jr.* ("*Enyart Affidavit*"), attached to Doc. No. 183, at ¶¶ 4-9, allegedly "came to [plaintiff's] cell, yelled out [plaintiff's] name and said 'the media wants to interview you about those little kids you molested.'" *Amended Complaint*, ¶ 13.  "Immediately after [defendants] left," plaintiff "was viciously attacked by nine of the ten inmates in [his] cell." *Id*.; *Enyart Affidavit*, ¶¶ 4-5.

Defendants Waldren and Thacker allegedly returned to plaintiff's cell a few minutes after the assault. *Id*.  Defendant Waldren ordered plaintiff out of the cell and said: "You look like shit and smell like piss; what happened did you fall off your bunk[?]" *Id*.  Plaintiff was unable to produce his "county issued items" because they were "taken by other inmates," so defendant Waldren "shut the gate and left with [defendant] Thacker." *Id*.  Plaintiff was allegedly attacked again "[a]s soon as [defendants] left." *Id*.  Shortly thereafter, the two defendant deputies returned to the cell and took plaintiff to the infirmary. *Id*.  Plaintiff's injuries were photographed and he was taken to the hospital and treated for injuries. *Id*. at ¶¶ 14-16.  A few weeks after the alleged assault, plaintiff attempted to utilize

2

the grievance process three times, but his attempts were "ignored." *Id*. at ¶¶ 17-18.

The *Amended Complaint* asserts claims against the Franklin County Sheriff, employees of the Franklin County Sherriff's Office, and Franklin County. Only the claims against defendants Waldren and Thacker remain. *See Opinion and Order*, Doc. No. 92 (dismissing the Franklin County Sherriff); *Opinion and Order*, Doc. No. 112 (dismissing Franklin County); *Opinion and Order*, Doc. No. 148 (dismissing defendant Mandy Miller). On December 17, 2012, defendant Thacker filed a motion to dismiss or, in the alternative, for summary judgment, Doc. No. 180. The Court denied that motion without prejudice to renewal, noting that the discovery completion date had not yet passed and that plaintiff was seeking additional discovery pursuant to Fed. R. Civ. P. 56(d). *Opinion and Order*, Doc. No. 189 (adopting without objection *Report and Recommendation*, Doc. No. 187). Discovery closed on June 30, 2013. *Scheduling Order*, Doc. No. 178. *Defendant's Motion* was filed on July 30, 2013, *i.e.*, one day prior to the deadline for filing dispositive motions. *Scheduling Order*, Doc No. 178. This matter is now ripe for consideration.

**II. Standard**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to Rule 56(a), summary

3

judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at

4

trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 merely provides a vehicle for enforcing individual rights found elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that (2) causes (3) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Liability based on a theory of *respondeat superior* is not cognizable under § 1983. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In order to be held liable under § 1983, a supervisor must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643.

In the case presently before the Court, plaintiff alleges that, while incarcerated as a pre-trail detainee at FCCCI, he was assaulted by other inmates as a result of defendants' deliberate indifference to his safety needs. Plaintiff has sued defendants Waldren and Thacker in their individual and official capacities. *Amended Complaint*, ¶ 8. A claim brought against a government employee in his individual capacity seeks to hold the employee personally liable for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). However, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself, in this case, Franklin County. *Id*. at 165-66 (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The Court dismissed Franklin County as a defendant on June 8, 2011, for failure to state a claim upon which relief can be granted. *Opinion and Order*, Doc. No. 112. Plaintiff's claims against defendants Waldren and Thacker in their official capacity cannot, therefore, proceed. The Court will now address plaintiff's remaining individual capacity claims.

The *Amended Complaint* alleges that defendants Waldren and Thacker violated plaintiff's Eighth Amendment rights[2] by making other prisoner's aware of plaintiff's criminal charges, by failing to protect plaintiff from known risks posed by other inmates, and by

---

[2] As a pretrial detainee at the time of the allege acts, plaintiff's claims actually arise under the Due Process Clause of the Fourteenth Amendment; however, plaintiff's claims are analyzed by reference to the standard of the Eighth Amendment, which is applied to pretrial detainees through the Fourteenth Amendment Due Process Clause. *See Essex v. Cnty. of Livingston*, 518 F. App'x 351, 353 n.2 (6th Cir. 2013); *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *Lucas v. Nichols*, 181 F.3d 102 (6th Cir. Apr. 23, 1999).

failing to remove plaintiff from his cell after he was assaulted. *See Amended Complaint*, ¶¶ 21-27. Defendants move for summary judgment on the basis of qualified immunity.

The doctrine of qualified immunity provides that, in civil suits for monetary damages, government officials performing discretionary functions are generally shielded from liability for monetary damages "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012) (citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011)). "Thus, a defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)). A court may exercise discretion in determining which prong of the test it will first address in light of the circumstances of the case. *Pearson*, 555 U.S. at 236. "Furthermore, 'prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Bishop*, 636 F.3d at 765 (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).

To avoid summary judgment on the basis of qualified immunity, a plaintiff must establish facts sufficient for a reasonable jury to determine that defendants violated a constitutional right. "To raise

7

a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop*, 636 F.3d at 766 (citing *Farmer*, 511 U.S. at 834). *See also Leary v. Livingston Cnty.*, 528 F.3d 438, 442 (6th Cir. 2008) (citing *Farmer*, 511 U.S. at 834). Plaintiff has satisfied these requirements.

Objectively, the harm facing plaintiff was sufficiently serious. Defendant Waldren, who plaintiff contends was accompanied by defendant Thacker, *see Enyart Affidavit*, ¶¶ 4-9, allegedly "came to [plaintiff's] cell, yelled out [plaintiff's] name and said 'the media wants to interview you about those little kids you molested.'" *Amended Complaint*, ¶ 13. Defendant Waldren allegedly confirmed that other inmates' knowledge of the charges against plaintiff created an objectively serious risk of harm by stating: "[W]hen the other inmates find out what you [i.e., plaintiff] are in for you will be a dead little sick fuck – there won't be any protection here for you." *Id.* at ¶ 12. Defendant Waldren denies characterizing plaintiff as a child molester, *Affidavit of Daniel Waldren*, attached to *Defendants' Motion* as Doc. No. 192-1, at ¶ 8, defendant Thacker denies being aware of any such statement by defendant Waldren, *Affidavit of Daniel Thacker*, Doc. No. 180-1, at ¶ 8, and defendants argue that plaintiff has not presented sufficient evidence to establish that other inmates heard the alleged statement, *Defendants' Motion*, p. 14. Noevertheless, plaintiff has alleged facts in the verified complaint that, when taken as true, raise an issue of fact as to whether the failure to protect

plaintiff from risk of harm was sufficiently serious.  *See Leary*, 528 F.3d at 442 (finding objectively serious the harm facing an inmate plaintiff when deputies told two inmates that the plaintiff had been charged with raping a nine-year-old girl).

To establish the subjective component of a "constitutional violation based on failure to protect, a plaintiff . . . must show that prison officials acted with 'deliberate indifference' to inmate health or safety."  *Bishop*, 636 F.3d at 766 (quoting *Farmer*, 511 U.S. at 834).  An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Id*. at 842.  "However, a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it."  *Bishop*, 636 F.3d at 767 (citing *Farmer*, 511 U.S. at 841-42).  Where, as here, multiple defendants assert qualified immunity as a defense, courts must consider whether each individual defendant had a sufficiently culpable state of mind.  *Id*. ("The district court erred in this case by failing to evaluate the liability of each Deputy individually.") (citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 541 (6th Cir. 2008) ("Where . . . the district court is faced with multiple defendants asserting qualified immunity defenses, the court

9

should consider whether each individual defendant had a sufficiently culpable state of mind."); *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)).

As to defendant Waldren, the statements he allegedly made show that he was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that he "dr[ew] the inference." *Farmer*, 511 U.S. at 837. Once other inmates learned of the nature of the charges against plaintiff, defendant Waldren had reason to believe that plaintiff would need "protection," *see Amended Complaint*, ¶ 12 ("[W]hen the other inmates find out what you [*i.e.*, plaintiff] are in for you will be a dead little sick fuck – there won't be any protection here for you."), and he allegedly nevertheless persisted in informing plaintiff's cellmates of plaintiff's charges. *See id*. at ¶ 13. As discussed *supra*, defendants have presented evidence contrary to the allegations in the verified complaint and the averments in plaintiff's affidavit. There is also conflicting evidence regarding whether defendant Waldren took reasonable steps to protect plaintiff from the known substantial risk of serious harm. There therefore exists a genuine issue of material fact regarding whether defendant Waldren had a sufficiently culpable state of mind. *See Leary*, 528 F.3d at 442 (denying summary judgment based on qualified immunity where the defendant deputy told inmates about the plaintiff's charges with reason to believe the plaintiff would need protection after the inmates found out about the charges).

As to defendant Thacker, plaintiff has presented evidence that defendant Thacker "did not speak," but "was present at all times" when

10

defendant Waldren made the alleged statements and visited plaintiff's cell before and after both alleged assaults. *Enyart Affidavit*, ¶¶ 4-9. Notably, plaintiff avers that defendant Thacker heard defendant Waldren tell other inmates that plaintiff had molested children and that this defendant was with defendant Waldren after the first alleged assault when defendant Waldren "acknowledged" plaintiff's injuries, "laughed" at plaintiff, and then returned plaintiff to the same cell in which he was allegedly assaulted. *See id.*; *Amended Complaint*, ¶ 13. Although defendants have proffered evidence in stark contrast to that presented by plaintiff, the Court must accept as true the contentions set forth in plaintiff's *pro se*, verified complaint and sworn affidavit. If plaintiff's allegations are accepted as true, a reasonable jury could find that defendant Thacker knew of and disregarded a substantial risk of serious harm to plaintiff. See *Farmer*, 511 U.S. at 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (citations omitted).

Furthermore, a detainee's right to be free from the deliberate indifference of jail officials is clearly established. The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (internal quotation marks and citation

11

omitted); *Bishop*, 636 F.3d at 766; *Leary*, 528 F.3d at 442. *See also Doe v. Bowles*, 254 F.3d 617, 620 (6th Cir. 2001); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990).

Based on the foregoing, the Court finds that the facts alleged by plaintiff and sworn to in his affidavit, if proven, could constitute a violation of a constitutional right that was well established at the time the events at issue in this case are alleged to have occurred. The Court therefore cannot conclude that defendants are entitled to summary judgment on the basis of qualified immunity. It is therefore **RECOMMENDED** that *Defendants' Motion*, Doc. No. 192, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of*

*Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


September 26, 2013                              *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge